# EXHIBIT D

## DECLARATION OF BRYAN F. AYLSTOCK

I, Bryan F. Aylstock, hereby declare as follows:

1.      I am a founding partner at Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO"), and counsel of record for plaintiffs Kaycie Coppock, Steve Audelo, and Krystal Rampalli.[1] Plaintiffs Coppock and Audelo were among the first filed class action cases seeking relief arising out of the alleged non-efficacy of phenylephrine products. Members of my firm also represent numerous other putative class action claimants in this litigation.[2] I respectfully seek appointment as interim class counsel as a member of the Plaintiffs' Executive Committee of the Consensus Leadership Group. The following statements are based on my personal knowledge and review of the files and, if called on to do so, I could and would testify competently thereto.

### EXPERIENCE OF COUNSEL

2.      AWKO is a national law firm that has been involved in complex litigation for over 25 years, with over 22 attorneys and 320 staff members. AWKO concentrates its practice in mass torts and complex class actions. AWKO also employs multiple on-site IT specialists and a database administrators and software developers. Details on the work, experience and accomplishments of the firm can be found at www.awkolaw.com. AWKO has the willingness and availability to expend the financial and manpower resources necessary to prosecute this litigation on behalf of the proposed class.

3.      I have been a member of the State Bar of Florida since 1996, a member of the State Bar of Alabama since 1999, and a member of the State Bar of Mississippi since 2002.  I

---

[1] *See Coppock v. Proctor & Gamble, et al.*, Case No. 2:23-cv-05353 (E.D. La.); *Audelo v. Johnson & Johnson Consumer Inc., et al.*, Case No. 3:23-cv-24250 (N.D. Fla.); *Rampalli v. Publix Super Markets, Inc.*, Case No. 23:cv-2226 (M.D. Fla.).

[2] *See Murdock, et al. v. RB Health (US) LLC, et al.*, Case No. 2:23-cv-5846 (E.D. La.).

have been admitted to practice before the United States Supreme Court. I hold the following

degrees: B.A., University of North Florida; J.D. (*magna cum laude)*, University of Florida

College of Law (*summa cum laude*). My involvement in various forms of multidistrict litigation

and class action litigation spans more than 25 years during which time I have litigated thousands

of cases to a successful conclusion

4.      During my legal career, I have been directly involved in the negotiation of

multiple class action and MDL settlements. Most recently, I have served as Lead Counsel in the

largest mass tort litigation in U.S. history involving 3M defective earplugs and Co-Lead Counsel

in a class action case involving contaminated products, both of which resulted in settlements

approved by United States District Courts. *See In re: 3M Combat Arms Earplug Prods. Liab.*

*Litig.*, MDL 2885 (N.D. Fla.) (Rodgers, J.) (Lead Counsel and Plaintiffs' Joint Settlement

Committee); *In re Johnson & Johnson Aerosol Sunscreen, Mktg., Sales Prac. & Prods. Liab.*

*Litig.*, MDL No. 3015 (S.D. Fla.) (Singhal, J.) (Co-Lead Counsel). Other recent examples of

class action settlements negotiated and approved by United States District Courts include: *Ricky*

*Williams, et al. v. Gulf Coast Pain Consultants, LLC d/b/a Clearway Pain Solutions Institute*,

Case No. 3:19-cv-1659 (N.D. FL), and *John Robert Begley, et al. v. Ocwen Loan Servicing, LLC*,

Case No. 3:16-cv-149 (N.D. FL).[3]

---

[3] Additional examples of my class action experience includes: *Beth Bowen v. Energizer Holdings, Inc., et al.*, Case No. 20:21-cv-04356 (C.D. Cal.); *In re: Procter & Gamble Aerosol Prods., Mktg. & Sales Prac. Litig.*, Case No. 2:22-md-3025 (S.D. Ohio); *In re: MCI Non-Subscriber Telephone Rates Litig.*, MDL No. 1275 (S.D. Ill.); *In re: America Online, Inc. Version 5.0 Software Litig.*, MDL No. 1341 (S.D. Fla); *Ouellette v. Wal-Mart*, Circuit Court, Washington Co., Fla., Case No. 67-01-CA-32; *In re: DryClean USA Litig.*, Circuit Court, Dade Co., Fla., Case No. 02-27169-CA-27; *In re: Shell Defective Gas Litigation*, Circuit Court, Dade Co., Florida, Case No. 04-12297-CA-10; *Hinote, et al. v. Ford Motor Company, et al.*, Circuit Court, Escambia Co., Fla., Case No. 2004-CA-01658; and *In Re: East Palestine Train Derailment*, 4:23-CV-00242 (N.D. Ohio).

5.     With regard to mass tort litigation, I have successfully negotiated dozens of settlements on behalf of tens of thousands of individual plaintiffs in my court-appointed leadership role. *See, e.g., In re: Avandia Marketing, Sales Practices and Prod. Liab. Litig.*, MDL 1871 (Co-Lead Counsel); *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, MDL 2327 (Co-Lead Counsel). More recently, through my role as the court-appointed Liaison Counsel in the *In Re: Abilify Prods. Liab. Litig.*, MDL 2734, before the Honorable M. Casey Rodgers, I led the settlement negotiations that resulted in a global settlement for all claims in that multi-district litigation.[4]

6.     I have argued cases before trial courts and courts of appeal, and have served as lead counsel in multiple MDL jury trials. I have co-authored briefs submitted to the United States Supreme Court on behalf of Plaintiff Steering Committees in MDLs as well as in individual matters before other federal district courts, federal circuit courts, and state appellate courts. I have been asked to speak on various legal topics at numerous professional conferences, CLE seminars, law schools and colleges.

7.     Over the course of my career, I have worked cooperatively with those submitting applications for leadership positions in this litigation. Not surprisingly, I have also worked cooperatively with many of the firms representing the numerous defendants in this litigation. My firm is fully committed to this project and has been from the beginning. As noted, my firm filed two of the earliest class action cases in the country (*Coppock* and *Audelo*) and also filed a supporting brief before the JPML in support of consolidation. Over the past several months, my

---

[4] Other court-appointed MDL leadership positions include: *In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*; MDL 2342 (Multi-District Coordinator) and *In re: Effexor (Venlafaxine Hydrochloride) Prods. Liab. Litig.*, MDL 2458 (Co-Lead Counsel and Executive Committee Member).

firm has organized and hosted multiple phone/zoom conferences and in-person meetings with other plaintiffs' counsel from around the country to discuss legal strategy and coordinate efforts. In that capacity, we have devoted a significant amount of time working with plaintiffs' ad-hoc committees on issues that will inevitably arise during the course of this litigation. Finally, in light of the recent settlements in other major litigations in which I serve in a leadership role, I now have the ability to devote my attention to this important litigation.

8.      Due to the breadth of my legal experience in mass tort and class action litigation, including serving in numerous leadership roles, I believe I have the skill, ability, and temperament to serve as a valuable member of the proposed consensus Executive Committee. My firm is well resourced and has accepted no outside litigation funding other than a typical bank line of credit. I commit to this Court that I will personally devote the time necessary to act as interim class counsel and a member of the executive committee as my service as Lead Counsel in the 3M MDL is winding down and I have no other MDL appointments at present. I have always worked cooperative with others on the plaintiffs' side, both in the initial stages of this MDL where my firm organized numerous meetings, calls and zooms as well as in all my prior MDL appointments as Lead, Co-Lead, Coordinating Co-Lead, Liaison Counsel or Trial Counsel. I have also worked cooperatively and indeed resolved numerous cases with my colleagues from the other side of the aisle, including those who are leading this case for various of the defendants. I believe those personal relationships will assist the plaintiff class if and when that time should come to resolve this case, but also in the many other negotiations that may take place regarding discovery disputes, motions and arguments before the Court. Should this case resolve favorably for the plaintiff class, I would only seek fees allowable under the

prevailing law and with rates commiserate with the prevailing rates.   I appreciate the Court's

consideration of my application.

I declare under penalty of perjury under the laws of the State of Florida and the United

States that the foregoing is true and correct.

Executed this 22nd day of January 2024.

Bryan F. Aylstock