# EXHIBIT L

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
IN RE: ORAL PHENYLEPHRINE MARKETING                                :
AND SALES PRACTICES LITIGATION                                     :    23-MD-3089-BMC
_____                     :
                                                                   :    DECLARATION OF
THIS DOCUMENT APPLIES TO:                                          :    LINDSEY N. SCARCELLO
                                                                   :
ALL CASES                                                          :
------------------------------------------------------------------ X
```

**DECLARATION OF LINDSEY N. SCARCELLO
IN SUPPORT OF THE CONSENSUS LEADERSHIP GROUP'S
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

I, Lindsey N. Scarcello, declare as follows:

1. I am a partner at Wagstaff & Cartmell LLP, a Kansas City-based law firm focused on complex litigation and trial practice nationwide. I am a member in good standing of the bar of the State of Missouri. Our firm is counsel of record for plaintiffs Michael Walker, Krista Wright, and Heather Fong. They were the first plaintiffs to file class actions against the defendants in the Western District of Missouri and District of Kansas, respectively.

2. I respectfully submit this Declaration in support of the Consensus Leadership Group's proposed leadership structure for this multidistrict litigation and for my appointment as Interim Class Counsel as a member of the Plaintiffs' Executive Committee. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could competently testify to the same.

3. I graduated from the University of Missouri – Kansas City School of Law in 2013, and since that time, my career has been dedicated exclusively to representing individuals injured by corporate and professional misconduct. My work over the past five years has been almost

1

entirely devoted to multidistrict and consolidated litigation matters, all of which involved complex medical, scientific, and legal issues.

4. I was heavily involved in *In Re: 3M Combat Arms Earplug Products Liability Litigation*, MDL 2885, pending before the Hon. M. Casey Rodgers in the Northern District of Florida. In addition to managing my firm's docket of cases, I worked extensively with numerous medical experts to develop comprehensive general expert reports and prepared and defended medical experts in several depositions. I deposed numerous defense experts and drafted *Daubert* briefing pertaining to general and case specific expert opinions. Indeed, my firm and I participated in virtually every aspect of this litigation, from handling document review to acting as a trial team member for several bellwether plaintiffs.

5. My firm and I were also heavily involved in *In re: Pelvic Mesh Repair Systems Products Liability Litigation*, which was a consolidation of more than 100,000 cases in seven different MDLs before Judge Goodwin in the Southern District of West Virginia. In this litigation, our firm took a leading role in the cases brought against Johnson & Johnson's subsidiary, Ethicon, Inc. Through this litigation, we gained substantial knowledge about Johnson & Johnson, including its corporate structure, products and sales practices.

6. More recently, I was appointed to the Plaintiffs' Steering Committee in *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation*, MDL 3043, consolidated before the Hon. Denise Cote in the Southern District of New York. That case involves claims against manufacturers and retailers of brand-name and generic acetaminophen products. I reviewed countless preclinical and epidemiological studies evaluating the safety and efficacy of this widely used over-the-counter medication. Through this litigation, I gained valuable insight into the

manufacturers' sales and marketing practices and the federal government's regulatory framework for these drugs.

7.     Collectively, my involvement in these MDL matters has provided me with invaluable knowledge about complex litigation and the regulatory process for over-the-counter drugs. I also have acquired significant experience working with a larger team of plaintiffs' attorneys to successfully prosecute and resolve cases.

8.     My law firm has over 35 attorneys, the vast majority of whom specialize in complex litigation, and more than 40 staff members. Many of my law partners have been practicing 20 years or more and have substantial complex litigation and trial experience. We have multiple lawyers who served as federal law clerks to district court and circuit court judges. In addition to human capital, we also have the financial resources to commit to this litigation. We are a well-resourced firm with a long history of promptly fulfilling the financial obligations attendant to complex cases such as this, and we are prepared to do the same in this case without relying on third-party litigation funding.

9.     My law firm and I have consistently demonstrated the ability to work cooperatively with fellow plaintiffs' attorneys and opposing counsel in complex litigation. I have a demonstrated track record of working effectively with other plaintiffs' attorneys to cooperatively prosecute complex cases. One of the core principles of my law practice is, and always has been, zealous advocacy accompanied by professional civility and courtesy. I have worked on numerous complex litigation matters, many involving thousands of cases, and have learned from these experiences that cooperation with members of the defense bar is the most effective method of advancing and resolving litigation.

10. My firm and I are fully committed to this matter and have been from the start. In addition to filing early cases, we also filed a brief before the JPML in support of consolidation. Over the past several months, members of my firm have attended numerous conference calls/Zooms and meetings with other plaintiffs' counsel from around the country to discuss legal strategy and coordinate efforts. We have played a meaningful role in working groups that have been privately formed by plaintiffs' attorneys to collectively work together to research and evaluate key issues that will arise in this litigation.

11. I know from my past appointments and experiences that litigation of this nature requires a commitment of significant time and resources. I am willing and able to commit the time and resources needed for this litigation matter. My firm has always been willing and available for any task requested by the Court, Lead or Liaison Counsel in every consolidated action in which we have participated. If appointed to a leadership position in this case, I am ready to immediately commit substantial time and resources to this matter, and assume the responsibility and obligation to act fairly, efficiently, and economically in the interest of all plaintiffs to expeditiously resolve this matter.

12. As a young, female attorney, lifelong resident of the Kansas City metropolitan area, and first-generation college and law school graduate, my appointment to the PEC would promote diversity of age, gender, geography, and experience.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2024 in Kansas City, Missouri.

_Lindsey Scarcello_
Lindsey N. Scarcello