# EXHIBIT V

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re: Oral Phenylephrine Marketing** ) <br> **and Sales Practices Litigation** ) <br> ) <br> ) <br> **This Document Relates To:** ) <br> **ALL ACTIONS** ) | Case No.: 1:23-md-03089-BMC |

### DECLARATION OF MARLENE J. GOLDENBERG TO SERVE AS A MEMBER OF THE PLAINTIFFS' STEERING COMMITTEE

I, Marlene J. Goldenberg, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney admitted in the State of Minnesota and the District of Columbia. I am the founding partner of Nigh Goldenberg Raso & Vaughn. I submit this declaration in support of the application submitted by the Consensus Plaintiffs and to support my appointment as a member of the Plaintiffs' Steering Committee pursuant to Federal Rule of Civil Procedure 23(g). Each of the facts set forth below is true and correct with my personal knowledge and if called and sworn as a witness, I would competently testify thereto.

2. I respectfully contend that I would make a valuable addition to the Plaintiffs' Steering Committee. In the paragraphs below, I detail the extensive experience my firm and I possess related to consumer class actions and pharmaceutical mass torts involving issues similar to those at issue in this case. In addition to having worked with several of my colleagues on the Consensus Slate in prior cases, I also have good working relationships with some of the defense attorneys in this case from our work in prior MDLs. I believe I can bring these skills and qualities

1

to the Plaintiffs' Steering Committee, to ensure the class receives the best possible representation, by counsel dedicated to maximizing class recovery while minimizing litigation expenses.

3.  My firm and I have already devoted significant time and effort to furthering this litigation. We were the first to file, but in the process of filing the first complaint, we met with and retained experts in multiple fields for this case. This process involved significant legal and scientific research. Even since filing, we have reviewed all available scientific literature, researched relevant defendants, and mapped out legal arguments for anticipated motions in this case. To that end, the time, expense, and effort we have already committed, without any promise of recompense, should indicate the level of dedication we will bring if appointed to the Plaintiffs' Steering Committee.

4.  I have significant experience litigating complex, product liability cases, both on a mass tort and single event level. In the last seven years, I have previously been appointed to leadership on six MDLs and have also helped lead two other mass tort actions which were not consolidated into an MDL. In all but one of the cases below, judges required applications and interviews. I was selected in competitive processes in large part due to my track record of managing complex cases and in working collaboratively with defense counsel.

5.  I have held leadership positions in the following cases:

    a. *In re: Uber Technologies, Passenger Sexual Assault Litigation*, MDL No. 3084: PSC Member and Co-Chair of Discovery Committee

    b. *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, MDL No. 2875: PEC Member and Chair of Discovery Committee;

    c. *In re: Paraquat Products Liability Litigation,* MDL No. 3004: *PEC Member*

    d.   *In re: Zantac (Ranitidine) Products Liability Litigation,* MDL No. 2924*: PSC Member and Chair of Generic Defendant Discovery Committee;*

    e.   *In Re: Abilify (Aripiprazole) Products Liability Litigation*, MDL No. 2734: PSC Member and Discovery Liaison;

    f.   *In re: Bard IVC Filters Products Liability Litigation,* MDL No. 2641: *Discovery committee and law and briefing committee member*

6.    In addition to my individual work, our firm holds the following leadership positions in several MDLs, including the following:

    a.   Florida Exactech Consolidated Litigation: Liaison Counsel

    b.   *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation* (MDL 2846): Plaintiffs' Executive Committee (PEC); Chair of Science and Experts

    c.   Proceed Surgical Mesh/Proceed Ventral Patch New Jersey Multicounty Litigation: Plaintiffs' Executive Committee (PEC); Chair of Science and Experts

    d.   Prolene Hernia System (PHS) New Jersey Multicounty Litigation: Plaintiffs' Executive Committee (PEC), Chair of Science and Experts ;

    e.   Physiomesh Flexible Composite Mesh New Jersey Multicounty Litigation: Plaintiffs' Executive Committee (PEC); Chair of Science and Experts;

    f.   *In Re: Covidien Hernia Mesh Products Liability Litigation No. II* (MDL 3029): Plaintiffs' Executive Committee (PEC) Co-Chair of Science and Experts

7.    In the past, members of our firm have also held leadership positions in the following MDLs:

3

a. *In re: Benicar (Olmesartan) Products Liability Litigation*: Chair of Discovery Committee;

b. *In re: Bair Hugger Forced Air Warming Products Liability Litigation*: Chair of Third-Party Committee, Bellwether Committee Member and Discovery Committee Member;

c. *In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation*: Member of Science Committee and Discovery Committee:

d. Stryker LFIT V40 Femoral Head Products Liability Litigation: Administrative Counsel;

e. *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology & Versys Femoral Head Products Liability Litigation*: Plaintiffs' Executive Committee;

f. *In Re Profemur Hip Implant Products Liability Litigation:* Plaintiffs' Steering Committee.

8. I have been recognized as a Super Lawyer or Rising Star every year since 2015 and was awarded the Minnesota Association for Justice Member of the Year award in 2018.

9. Given my substantial experience with both mass torts and pharmaceutical class actions, I am intimately familiar with what it takes to bring this case to both a successful and economic resolution.

10. If appointed as a member of the Plaintiffs' Steering Committee, I will be working with my partners, Daniel Nigh and Brett Vaughn, as well as my associate, Samantha Hoefs. Each is highly experienced in the world of pharmaceutical litigation, both from the class action and mass

tort sides. They will be invaluable resources to the team, particularly with regard to pre-trial discovery matters.

11.   Pursuant to Sections 10.22 and 40.1 of the *Manual for Complex Litigation* (4th ed.), Courts refer to certain factors in evaluating applications to appoint lawyers to leadership positions in these matters. This includes (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. My application satisfies each of these factors and, to that end, I affirm the following facts to be true.

   a. I have the willingness and ability to commit to this matter, which I know will be time-consuming. I am prepared to commit my time and my firm's time to the zealous litigation of this matter on behalf of the class.

   b. My firm and I have a long history of working well with other firms in both the context of serving on leadership positions in MDL committees as well as resolving discovery disputes and settlement negotiations both on the plaintiff and defense side. The respect we have earned among members of the bar has enabled us to both partner with nearly all of the most respected plaintiff-side firms in the country and to settle hard-fought litigations with the preeminent firms representing defendants. Our decision to join in this Consensus Plaintiffs' application further demonstrates our ability to work cooperatively to advance the interests of the class.

   c. As demonstrated above, our firm has handled many complex pharmaceutical cases, both on the personal injury and class action side and continues to be appointed by judges throughout the country to help lead these cases.

5

   d. Our firm has the resources needed to advance this litigation. We are prepared to devote both the time and financial resources required by this case.

12. Based on the foregoing, I respectfully request this Court grant the Consensus Plaintiffs' application and appoint me to serve as a member of the Plaintiffs' Steering Committee.

Dated: January 22, 2024         /s/ *Marlene J. Goldenberg*
                  Marlene J. Goldenberg

                  *Counsel for Plaintiff*