# EXHIBIT M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT APPLIES TO: ALL CASES | MDL NO. 3089<br>23-MD-3089-BMC<br><br>JUDGE BRIAN M. COGAN |

### DECLARATION OF SARAH N. WESTCOT IN SUPPORT OF APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

I, Sarah N. Westcot, submit the following declaration in support of my appointment to the Plaintiffs' Steering Committee in *In re: Oral Phenylephrine Marketing and Sales Practices Litigation*, MDL No. 3089:

1. I am an attorney and partner in the law firm of Bursor & Fisher, P.A. ("Bursor & Fisher"). Each of the facts set forth below are true and correct within my personal knowledge and if called and sworn as a witness, I would competently testify thereto.

2. I am the Managing Partner of Bursor & Fisher's Miami office. Bursor & Fisher is a nationally recognized law firm with offices in Miami, New York, and the San Francisco Bay Area. The firm specializes in complex and class action litigation, with a focus on consumer fraud, unfair business practices, privacy rights, and defective products.

3. My firm has "extensive experience in handling class actions and complex litigation, including products liability and consumer protection cases[.]" *In re Welspun Litigation*, No. 16-cv-6792 (RJS), Dkt. 58 at 2 (S.D.N.Y. Jan. 26, 2017). As United States District Judge Jed S. Rakoff of the Southern District of New York recognized in appointing the firm as class counsel, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims …. The firm has been appointed class counsel in dozens of cases in

1

both federal and state courts, and has won multi-million dollar verdicts or recoveries in [six] class action jury trials since 2008." *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. 2014).

4. With 34 lawyers across three offices, Bursor & Fisher has the resources necessary to effectively litigate a case of this size and is able to devote both the financial and human resources necessary to bring this case to a successful conclusion. Courts around the country have highlighted Bursor & Fisher's resources in appointing them class counsel. *See Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014) (appointing Bursor & Fisher as interim class counsel, noting that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so. The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class."); *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG) (S.D.N.Y. Nov. 14, 2011) (appointing Bursor & Fisher as interim class counsel and explaining that Bursor & Fisher is a "well-established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale class action litigation.").

5. I graduated from the University of Notre Dame Law School in 2009, and have spent the entirety of my legal career practicing in the area of complex litigation. My experience includes litigating the types of claims at issue in this matter: class actions and complex actions protecting the rights of consumers in general, and class actions alleging false and misleading product advertising in particular. As a result of my work on similar false advertising class action matters, I have a deep knowledge of the applicable law. I have represented consumers in class actions with repeated success, and have obtained significant recoveries on behalf of such consumers. With my partner Scott A. Bursor, I served as trial counsel in *Ayyad v. Sprint*

2

*Spectrum L.P.* where we won a jury verdict defeating Sprint's $1.06 billion counterclaim and secured the class's recovery of more than $275 million in cash and debt relief.

6. I have significant experience in multidistrict litigations. I currently serve on the Plaintiffs' Steering Committee in *In re Zantac (Ranitidine) Products Liability Litigation*, No. MDL 2924 (S.D. Fla.), where my time has been devoted largely to work on the class action and discovery committees. I was responsible for the organization, preparation, and defense of over 100 class representative depositions, and worked on the drafting of plaintiffs' consolidated amended consumer economic loss class action complaint. I also serve on the Plaintiffs' Executive Committee in *In re Apple Inc. App Store Simulated Casino-Style Games Litigation*, MDL No. 2985 (N.D. Cal.) and *In Re: Google Play Store Simulated Casino-Style Games Litigation*, MDL No. 3001 (N.D. Cal.).

7. My experience in the above MDL matters make me well suited to serve in a leadership role here. In addition to the hands-on litigation and leadership skills developed through those appointments, I have also become acquainted with many of the other applicants on the proposed leadership slate. My familiarity and collegial working relationship with these firms will further allow me to work cooperatively and efficiently as part of the larger proposed leadership group.

8. I am admitted to the state bars of California and Florida. I am also a member of the bars of the United States Courts of Appeals for the Second, Eighth, and Ninth Circuits, and the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California, and the United States District Courts for the Southern and Middle Districts of Florida.

9. I have thoroughly investigated and analyzed the merits of this action, and spent considerable time researching and preparing for the filing of complaints that included allegations against nine defendants in three separate class actions complaints. Those three cases were

3

ultimately consolidated into the current MDL. I have also worked to coordinate efforts with other plaintiffs' counsel regarding the strategy and direction of this litigation, traveling to New Orleans and San Antonio to participate in meetings and strategy sessions. I am fully aware of the time-consuming nature of large-scale MDLs, and I am willing and able to devote the necessary time and attention to effectively litigating this matter. Due to the current procedural posture of other MDL actions in which I serve in leadership roles, I have the availability to commit resources to the current matter.

10. I have the full support of my firm to serve in a leadership role in this action. My appointment will also address the issue of repeat players, as well as provide gender, age, life experience and geographic diversity in compliance with MDL Guidelines[1].

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of December, 2023, in Miami, Florida.

By:     /s/ Sarah N. Westcot
        Sarah N. Westcot

**BURSOR & FISHER, P.A.**
Sarah N. Westcot
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
Fax: (305) 676-2700
swestcot@bursor.com

---

[1] See BOLCH JUDICIAL INSTITUTE, DUKE LAW SCHOOL, Guidelines and Best Practices for Large and Mass-Tort MDLs, Sept. 2018 (2d Ed.), at 37–38, available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.