# EXHIBIT V

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
IN RE: ORAL PHENYLEPHRINE MARKETING                        :
AND SALES PRACTICES LITIGATION                             :
                                                           :
                                                           :  23-md-3089-BMC
_____                :
                                                           :
THIS DOCUMENT APPLIES TO:                                  :
                                                           :
ALL CASES                                                  :
                                                           :
                                                           :
-----------------------------------------------------------X
```

**DECLARATION OF FREDERICK S. LONGER TO SERVE
AS A MEMBER OF PLAINTIFFS' STEERING COMMITTEE**

I respectfully submit this application to be appointed to the Plaintiffs' Steering Committee ("PSC"). Currently, I am counsel in *Anderson v. Procter & Gamble Co*, Case No. 23-CV-3899 (E.D.Pa.). My firm represents several injured Plaintiffs. As set forth below, I welcome the opportunity to devote my time, knowledge, experience and the resources of my law firm to serve on the PSC of MDL 3089.

I.  **MY PROFESSIONAL EXPERIENCE**

1. I am a member of the firm of Levin, Sedran & Berman LLC. I am a graduate of Carnegie-Mellon University (B.S. 1982) and the University of Pittsburgh School of Law (J.D. 1986), where I was a Notes and Comments Editor for the University of Pittsburgh Law Review. I am admitted to practice before the Supreme Court of Pennsylvania and the Supreme Court of New Jersey; the United States Supreme Court; the United States Court of Appeals for the Second, Third, Fourth, Fifth, Seventh and Ninth Circuits; and the United States District Courts for the Western and Eastern Districts of Pennsylvania, and others. I am a member of the

American, Pennsylvania and Philadelphia County Bar Associations, as well as the American and Philadelphia Association for Justice. I regularly lecture at various educational seminars, including the NJAJ Meadowlands Seminar 2023: An Update on Mallory vs. Norfolk Southern Railway Co. (November 15, 2023); Plaintiff Only Consumer Warranty Class Action Litigation Seminar, American Association for Justice Education and the National Association of Consumer Advocate (June 3-4, 2014); "No Injury" and "Overbroad" Class Actions After Comcast, Glazer and Butler: Implications for Certification-Navigating Complex Issues of Overbreadth and Damages in Consumer Product Cases, Strafford Webinar (April 1, 2014); Service of Process in China, ABA Annual Conference (April 18-20, 2012); Chinese Drywall Litigation Conference, Harris Martin (October 20-21, 2011); Current Issues in Multi-district Litigation Practice, Harris Martin (September 26, 2011); FDA Preemption: Is this the end?, Mass Torts Made Perfect (May 2008).

2. I hold an "av" rating from Martindale Hubbell. I have been recommended by the LEGAL 500 in the area of Plaintiffs' Mass Torts (2013, 2014), and my peers have routinely recognized myself as a SuperLawyer since 2008. In addition, US News and World Report Best Law Firms has ranked my firm National First Tier for mass tort law firms and First Tier in Philadelphia for personal injury and mass tort law firms. My firm was also named to THE NATIONAL LAW JOURNAL's inaugural list of America's Elite Trial Lawyers in 2014.

3. My professional experience is largely in complex litigation, having been formally appointed by Courts to leadership positions, and by having had *de facto* roles where my assistance to leadership in complex cases has propelled me into advanced responsibilities. Most recently, I have been appointed to co-chair law & briefing committees in *In re: Aqueous Film-Forming Foam Products Liability Litigation (AFFF)*, MDL 2873 (D.S.C.) and *In re: Zantac Prod. Liab. Litig.*,

MDL 2924 (S.D. Fla.). I was also a member of the trial team for the City of Stuart in *AFFF*, which settled on the eve of trial.

4. I have argued in the Third, Fourth, Fifth and Ninth Circuit Courts of Appeals, as well as before several state appellate courts. Notable opinions in cases that I argued include: *Byrd v. Aaron's Inc.*, 784 F.3d 154 (3d Cir. 2015); *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148 (4th Cir. 1994); and *Levy v. Jannetta*, 621 A.2d 585 (Pa.Super. 1992).

5. In addition to my broad MDL experience in complex cases, I have extensive experience litigating in consolidated mass tort actions litigated in state court in Pennsylvania.[1] I am one of only 5 counsel to have tried to verdict in the United States a case involving rhabdomyolysis caused by Baycol. In addition, I worked extensively with the 3 trial teams in the *Xarelto* litigation in Pennsylvania, in which I drafted and argued numerous motions; conducted written discovery, depositions, and the like.

## II. WILLINGNESS AND ABILITY TO IMMEDIATELY COMMIT TO TIME-CONSUMING LITIGATION

6. Most of the complex cases that I have worked on have now settled. Therefore, I am prepared to immediately devote the significant time I have available to this litigation.

## III. WILLINGNESS AND ABILITY TO WORK COOPERATIVELY WITH OTHER PLAINTIFFS COUNSEL AND DEFENSE COUNSEL

7. LSB attorneys pride themselves on forming productive and collegial relationships with their co-counsel and defense counsel and believe that such cooperative working relationships are necessary for effective representation. I pledge my fidelity to this litigation and willingness to work cooperatively with other Plaintiffs' Counsel. Likewise, I have worked well with defense counsel

---

[1] *In re Xarelto Prod. Liab. Litig.*, and *In re Baycol Prod. Liab. Litig.*, (First Judicial District, Pennsylvania, Philadelphia Court of Common Pleas).

3

in the leadership roles that I have had in both federal MDLs and in the state court mass tort litigations. I am confident counsel will attest as much were the Court to inquire of them.

### IV.   ACCESS TO RESOURCES TO PROSECUTE THE LITIGATION IN A TIMELY MANNER

8. I have access to the resources of my firm to support my abilities to prosecute this case in a timely manner. My firm self-funds litigation of complex cases without relying on third-party funding entities and will self-fund the costs that my firm will incur in this litigation if I have the honor of being appointed. LSB routinely advances substantial sums on behalf of clients in complex and class action cases, recovery of which is contingent upon the successful prosecution of the case and are prepared to do so here.

9. The resources that my firm will provide to this litigation include the expertise that comes from being one of the nation's preeminent and most experienced plaintiffs' complex litigation, class-action firms. Along with my firm, I have extensive experience and expertise litigating consumer protection, products liability, computer privacy, antitrust, securities and other complex class-action cases. For example, I have extensively participated in several litigations including, *Orthopedic Bone Screw*, MDL 1014 (E.D. Pa.); *In re Diet Drug Prod. Liab. Litig.*, MDL 1203 (E.D. Pa.), *Avandia*, MDL No. 1871(E.D. Pa.), *Rezulin*, MDL 1348 (S.D.N.Y.), *Propulsid*, MDL 1355 (E.D. La.); *Vioxx*, MDL 1657 (E.D. La.); *Mirena*, MDL No. 2434 (S.D.N.Y.), *Chinese Drywall*, MDL 2047 (E.D. La.), *Xarelto,* MDL 2592 (E.D. La) and *Zantac,* MDL 2924 (S.D. Fla.)..

10. Through over 35 years of serving its clients, the firm's attorneys have gained national recognition for their experience and skill and are frequently called upon to lead some of the largest class actions and mass torts in the country. For example, Courts have appointed the firm as lead counsel or to other leadership positions in hundreds of cases, which includes more than forty

4

MDLs. LSB is presently serving or has served in such positions in several of the nation's largest and most technically complex class actions and mass tort litigations.

## V.   OTHER CONSIDERATIONS

11. Ever since Andrew Hamilton traveled to New York in 1735 to defend a libel case against John Peter Zenger, Philadelphia lawyers have enjoyed the reputation of being particularly adept and clever. I will bring my lifetime experiences and knowledge to prosecute this litigation to its best possible result.

12. Thank you for considering my application for a position on the PSC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
January 22, 2024

Respectfully submitted,

Frederick S. Longer