UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Case No.: 1:23-md-3089-BMC<br><br>**[PROPOSED] ORDER APPOINTING PLAINTIFFS' LEADERSHIP STRUCTURE AND APPOINTING RULE 23(g) INTERIM CLASS COUNSEL** |

Having reviewed and considered the motions, briefs, and supporting declarations from counsel, IT IS HEREBY ORDERED THAT:

A.   **Appointment of Plaintiffs' Leadership Structure**

Plaintiffs' proposed two-tier leadership structure meets all requirements for appointment, and is approved with the Addition of Ms. Gilliland. Counsel have demonstrated they are qualified and responsible and will fairly and adequately represent Plaintiffs and the other Class members. *See* Manual § 10.220. Counsel have further demonstrated that they have the resources, commitment, and ability to command respect of their colleagues and work cooperatively with all plaintiffs' counsel, opposing counsel, and the Court. *See* Manual § 10.224.

Further, counsel have demonstrated that they have: (1) a willingness and ability to commit to a time-consuming litigation and settlement process; (2) the ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.

The Court hereby appoints the following attorneys to serve as "Plaintiffs' Executive Committee" ("PEC")[1]

| | |
|---|---|
| Bryan F. Aylstock<br>Aylstock Witkin Kreis Overholtz PLLC<br>17 East Main Street, Suite 200<br>Pensacola, Florida 32502<br>Tel: 850-202-1010<br>baylstock@awkolaw.com | Kiley L. Grombacher<br>Bradley/Grombacher LLP<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, California 91361<br>Tel: 866-881-0403<br>kgrombacher@bradleygrombacher.com |

---

[1] The PEC members are listed alphabetically, by firm name.

Rebecca D. Gilliland
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Mobile, Alabama 36602
Tel: (251) 308-1515
Rebecca.gilliland@beasleyallen.com

James E. Cecchi
Carella Byrne Cecchi Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: 973-994-1700
jcecchi@carellabyrne.com

Adam J. Levitt
DiCello Levitt LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-214-7900
alevitt@dicellolevitt.com

Michael A. London (Chairperson)
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, New York 10038
Tel: 212-566-7500
mlondon@douglasandllondon.com

Elizabeth A. Fegan
Fegan Scott LLC
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Tel: 630-273-2625
beth@feganscott.com

Jonathan D. Selbin
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
Tel: 212-355-9500
jselbin@lchb.com

Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road
Ridgefield Park, New Jersey 07660
Tel: 888-546-8799
cseeger@seegerweiss.com

Jason P. Sultzer
The Sultzer Law Group P.C.
85 Civic Center Plaza Ste. 200
Poughkeepsie, New York 12601
Tel: 845-244-5595
sultzerj@thesultzerlawgroup.com

Lindsey N. Scarcello
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: 816-701-1102
lscarcello@wcllp.com

The Court further appoints PEC member, Michael A. London, of Douglas & London, P.C., to serve as the Chair of the PEC. His duties and responsibilities are identified below and shall also include traditional liaison counsel duties in lieu of the appointment of a formal liaison counsel.

The Court further appoints a Plaintiffs' Steering Committee ("PSC"), consisting of the following attorneys:[2]

---

[2] The PSC members are listed alphabetically, by firm name.

Sarah N. Wescot
Bursor & Fisher, P.A.
701 Brickell, Suite 1420
Miami, Florida 33131
Tel: 305-330-5512
swescot@bursor.com

Michael A. Sacchet
Ciresi Conlin LLP
225 South 6th Street, #4600
Minneapolis, Minnesota 55402
Tel: 612-361-8200
MAS@CiresiConlin.com

Shireen M. Clarkson
Clarkson Law Firm P.C.
590 Madison Avenue, 21st Floor
New York, New York 10022
Tel: 213-788-4050
sclarkson@clarksonlawfirm.com

Alexander E. Barnett
Cotchett, Pitre & McCarthy, LLP
40 Worth Street, Suite 602
New York, New York 10013
Tel: 212-201-6820
abarnett@cpmlegal.com

Darren T. Kaplan
Kaplan Gore LLP
1359 Broadway
New York, New York 10018
Tel:404-537-3300
dkaplan@kaplangore.com

Cari C. Laufenberg
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel: (206) 623-1900
claufenberg@kellerrohrback.com

Jordan E. Jacobson
Kessler, Topaz, Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087

Tel: 484-270-1488
jjacobson@ktmc.com

Kelsey L. Stokes
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Boulevard, Ste. 6000
Houston, Texas 77056
Tel: 561-750-3000
kstokes@fleming-law.com

Laura S. Dunning
Levin Papantonio Rafferty Proctor
Buchanan O'Brien Barr Mougey, P.A.
316 South Baylen Street
Pensacola, Florida 32502
Tel: 850-435-7000
ldunning@levinlaw.com

Frederick S. Longer
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Tel: 215-592-1500
flonger@lfsblaw.com

Marlene J. Goldenberg
Nigh, Goldenberg, Raso & Vaughn PLLC
14 Ridge Square NW, Third Floor
Washington D.C. 20016
Tel: (202) 792-7927
mgoldenberg@nighgoldenberg.com

Melanie H. Muhlstock
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, New York 11050
Tel: 516-466-6500
mmuhlstock@yourlawyer.com

Stuart A. Davidson
Robbins Geller Rudman & Dowd LLP
225 Mizner Boulevard, Suite 720
Boca Raton, Florida 33432
Tel: 561-750-3000
Sdavidson@rgrdlaw.com

**B.     Executive Committee Duties and Responsibilities**

Plaintiffs' Executive Committee shall assume responsibility for the following duties:

1. Directing, coordinating, and supervising prosecution of Plaintiffs' and the other Class members' claims, including the drafting and filing of any amended/consolidated class action complaint, the briefing of any motion to dismiss by any Defendant(s), as well as any class certification motion, and any matters pertaining thereto;

2. Determining (in consultation with the PSC) and presenting to the Court and Defendants Plaintiffs' position in the litigation on all matters, substantive and procedural, arising from these proceedings;

3. Organizing, initiating, and conducting discovery, including, without limitation:

   a. coordinating discovery with Defendants' counsel;

   b. preparing and finalizing written interrogatories, requests for production of documents, and requests for admission;

   c. directing and coordinating the examination of witnesses in depositions; and

   d. retaining, coordinating the selection of, and preparing experts.

4. Communicating with the Court;

5. Communicating with Defendants' counsel;

6. Entering into stipulations with Defendants' counsel, as necessary;

7. Conducting any trial(s) and appeals in this litigation;

8. Informing other Plaintiffs' counsel of the progress of the litigation and seeking consultation where necessary concerning decisions of consequence to their clients;

9. Monitoring the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

10. Evaluating all work assigned to other Plaintiffs' counsel in this litigation and allocating and distributing any fees awarded in this litigation to all such counsel in amounts that reflect their relative contributions to the litigation, as solely determined by Plaintiffs' Executive Committee, or to agree and move for the appointment of a Special Master to aid counsel and the Court in allocating and determining any fees and reimbursement of costs;

11. Negotiating settlement with Defendants' counsel, absent a subsequent Court Order; or decision by the Executive Committee appointing a negotiating committee; and

12. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

Any discussions of a settlement of this litigation shall be conducted by Plaintiffs' Executive Committee and any other counsel that Plaintiffs' Executive Committee may designate. No motion shall be initiated or filed on behalf of any plaintiff in this action except through Plaintiffs' Executive Committee or by leave of the Court.

The Plaintiffs' Executive Committee Chair must promptly serve a copy of this Order and all future orders on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Plaintiffs' Executive Committee is aware of any such action(s).

C. **Plaintiffs' Executive Committee Chair's Duties and Responsibilities**

Plaintiffs' Executive Committee Chair shall assume responsibility to coordinate, schedule, and monitor the activities of the leadership team, as well as to perform other necessary administrative or logistical tasks. He will also be responsible for traditional liaison counsel duties in lieu of the appointment of a formal liaison counsel.

Plaintiffs' Executive Committee Chair shall also assume the following duties: (a) serve as the recipient for all Court Orders; (b) coordinate services and filings; (c) maintain and distribute

to co-counsel and to Defendants' Counsel a current service list; (d) make himself (or his designees(s)) available for any telephone conferences convened by the Court and communicate the substance of any such conference to all other Plaintiffs' counsel; (e) receive and distribute pleadings, Orders, and motions; (f) maintain and make available to all Plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except as such documents as may be available at a document depository); and (g) carry out such other duties as the Court may order.

**D.**     **Designations, Funding, and Future Changes in Leadership Structure**

All appointments to the PEC and PSC are for a period of one year. Each appointee must apply for continued service thereafter, unless otherwise ordered by the Court.

These designations are of a personal nature and the Court looks to these counsel to undertake personal responsibility to perform the designated functions. Accordingly, the above appointees cannot be substituted by other attorneys, including members of the appointees' law firms, to perform their functions, such as attending committee meetings and making court appearances, except with prior approval by the PEC and/or the Court, as appropriate. Should any appointee become unable to do so, the Court reserves the discretion to replace counsel on their own request, at the request of the PEC, or on the Court's own motion.

This Court is mindful that counsel within the PEC and PSC will be advancing funding for the litigation and that each of the PEC and PSC members have warranted their ability and willingness to advance such funds as determined necessary by the PEC. The failure of any PEC or PSC member to meet their funding obligations in this litigation, as determined necessary by the PEC, may constitute good cause for their removal from the PEC or PSC.

**E.**     **General Responsibilities of Plaintiffs' Counsel**

Counsel are expected to familiarize themselves with the Manual, so that they may suggest procedures that will facilitate the "just, speedy, and inexpensive determination" of this Litigation. *See* Fed. R. Civ. P. 1. These procedures include, but are not limited to, structure and timing of discovery plans, amendments of pleadings, pretrial consideration of substantive issues, communications, and the like. Counsel are also required to review and familiarize themselves with the Local Rules for the Eastern District of New York.

All attorneys carrying out such common benefit work who may look to any common fund or agreement for reimbursement or compensation shall maintain and timely submit time and expense records in accordance with guidelines to be set by the Court in a subsequent Case Management Order. Notwithstanding all such reimbursement and compensation shall be subject to the Court's final approval.

Under no circumstances are the PEC or any member of the PSC responsible for the filings, discovery, or any other issue or matter related to an individual plaintiff's case or claim. More specifically, neither the PEC nor the PSC, nor any individual attorney on the PEC or the PSC, is in any way responsible for the attorney-client relationship and duties and responsibilities that each individual attorney or law firm owe their own client(s) with respect to this litigation.

It shall be the responsibility of all parties and their counsel to stay apprised of the litigation and to review and abide by all orders entered by the Court.

**F.     Appointment of Rule 23(g)(3) Interim Class Counsel.**

Plaintiffs' Executive Committee also satisfies the Rule 23(g)(3) requirements for appointment as Interim Class Counsel. The Court finds, based on the applicants' motion and supporting declarations, that the members of the PEC have demonstrated that they investigated potential claims; have robust experience in handling class actions and other complex litigation;

have sufficient knowledge of applicable consumer protection law; and have ample resources to commit to representing the class. *See* Fed. R. Civ. P. 23(g). The leadership applications demonstrate to me that these firms have been working cooperatively together to investigate factual and legal claims, and have the requisite experience and resources to litigate the case to trial, if necessary.

**IT IS SO ORDERED.**

DATED:

THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE