**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT APPLIES TO:<br><br>ALL CASES | MDL No. 1:23-md-03089-BMC<br><br>**DECLARATION OF JENNIFER M. FRENCH IN SUPPORT OF RESPONSE TO CONSENSUS PLAITIFFS' AMENDED MOTION FOR AN ORDER APPOINTING PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE AND APPOINTING INTERIM CLASS COUNSEL** |

I, Jennifer M. French, declare:

1. I am a member of the bar of the State of California and a Partner at Lynch Carpenter, LLP, attorneys for Plaintiffs Claudette Sanes, Daniel Flick, Janis Zimmerman, Thomas Lewis, Dena Fichot, John Jeffrey Ward, Ruta Taito, Karen Schwartz, Michael Lee, Toni Heuchan, Jonathan Brandman, Michelle Garza, Cece Davenport, Randall Sygal, Regina Brookshier, Erzen Krica, Allison Sammarco, and Hollie Verdi (collectively, "LC Plaintiffs") and the proposed class. I submit this declaration in response to the Consensus Plaintiffs' Amended Motion for an Order Appointing Plaintiffs' Proposed Leadership Structure and Appointing Interim Class Counsel (ECF No. 135, the "Leadership Motion"). I have personal knowledge of the facts stated herein and, if called as a witness, I would and could testify to the following.

2. In their filings with the Judicial Panel on Multi-District Litigation ("JPML"), the LC Plaintiffs argued for transfer to this Court and were one of only a handful of Plaintiff firms to do so. On 30 November 2023, my partner Scott Braden appeared on behalf of the LC Plaintiffs at the JPML hearing. After the hearing, Braden informed certain "Consensus" Plaintiffs' counsel that Lynch Carpenter was available to work collaboratively and conference at any time. We did not hear from the "Consensus" Plaintiffs' counsel again until 8 February 2024.

3. On 8 February 2024, my partner Gary Lynch spoke with James Cecchi of Carella Byrne Cecchi Brody & Agnello, P.C., one of the attorneys who filed the Leadership Motion and a proposed member of the "Plaintiffs' Executive Committee." (ECF Nos. 115-2 at 3, 135-2 at 3.) Cecchi informed Lynch that certain counsel had formed a leadership slate of 20 firms, that it did not include Lynch Carpenter, and that counsel intended to file a "consensus" motion immediately. During that conversation, Lynch made clear that the LC Plaintiffs did not support the proposed leadership structure and intended to file a separate application for leadership. This conversation happened before the "Consensus" Plaintiffs filed their initial motion on 9 February 2024.

4. On 22 February 2024, I made the first attempt to meet and confer with all Plaintiffs' counsel regarding the Proposed CMO. None of the "Consensus" Plaintiffs' counsel had attempted to do so, before or after filing the Leadership Motion. In response to my email to all Plaintiffs' counsel to begin discussions regarding the Proposed CMO, the "Consensus" Plaintiffs suddenly indicated they intended to submit a Proposed CMO to the Court "shortly." I requested that the Proposed CMO be shared with all Plaintiffs' counsel for review before submission to the Court. I also informed all Plaintiffs' counsel of our firm's position that the Leadership Motion was premature under the Proposed (and not entered) CMO. I requested that counsel withdraw the pending motion without prejudice so that all Plaintiffs' counsel could meet and confer and follow the timeline to be set when the Court entered the CMO.

5. On 23 February 2024, at 12:07 p.m. EST, Michael London circulated a Proposed CMO that he "intend[ed] to submit to the Court." London further represented that the defense had already signed off and approved the Proposed CMO (that had not yet been circulated to all Plaintiffs' counsel). He asked for any edits or comments to be submitted "by 5:30pm Eastern time today"—less than six hours later. London did not mention or provide counsel with a "three-day

2

comment period." Nonetheless, at approximately 6:08 pm EDT on 23 February 2024, I proposed one small edit: to change the deadline to file leadership motions to 19 March 2024. This deadline is two weeks from the first proposed Initial Case Management Conference and would provide the Court with sufficient time to review the stipulation and/or competing motions while providing counsel with an opportunity to comply with the CMO and attempt to reach a stipulation. Neither London nor any of the other "Consensus" Plaintiffs' counsel responded to my proposed edit.

6. After I sent the first emails to all Plaintiffs' counsel, numerous other Plaintiffs' attorneys contacted the attorneys at my firm and indicated they also would like to seek a leadership appointment. Since the time of those initial contacts from other Plaintiffs' counsel, the "Consensus" Plaintiffs represent that they have since added three additional "supporters." My firm has not entered into any agreements or understandings with other Plaintiffs' counsel regarding the division of work or fees in this litigation.

7. Lynch Carpenter has litigated numerous false advertising cases like this one in a variety of roles, including as co-lead counsel in the pending MDL, *In re: Folgers Coffee Marketing*, No. 4:21-cv-02984-BP (W.D. Mo.) at ECF No. 48. Lynch Carpenter recently achieved, with our co-counsel Blood, Hurst & O'Reardon, a $53,000,000 settlement in a false advertising case challenging the efficacy of the over-the-counter-glucosamine product, Schiff "Move Free" Glucosamine in *Gordon Yamagata, et al. v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Ca 2021). The Schiff case involved a nationwide analysis of consumer protection and false advertising regulations and the issuance of subpoenas to the very same retailers, grocers, and pharmacies that sell the subject phenylephrine products. Lynch Carpenter has also resolved numerous other false advertising cases on a class-wide basis as well. See, e.g., *Rivali et al. v. Shutterfly, L.L.C., Case* No. 37-2023-00019221, (S.D. Sup. Ct. 2024); *Williams v.*

3

*Udemy, Inc.,* Case No. 3:21-cv-06489-EMC (N.D. Cal.); *Harris v. Sheplers, Inc.,* Case No. 19STCV16051 (Cal. Super. Ct. L.A. Cnty.), *Petkevicius v. Lamps Plus, Inc.,* Case No. 37-2019-00020667-CU-MC-CTL (Cal. Super. Ct. San Diego Cnty.), *Olmedo v. PVH Retail Stores, LLC*, Case No. 37-2019-00003250-CU-MC-CTL (Cal. Super. Ct. San Diego Cnty.), *Seegert v. Lamps Plus, Inc.,* Case No. 37-2017-00024439-CU-BT-CTL (Cal. Super. Ct. San Diego Cnty.), *Rael v. New York & Co.,* Case No. 3:16-cv-00369-BAS-JMA (S.D. Cal.), and *Rael v. Children's Place, Inc.* Case No. 3:16-CV-00370-GPC-LL (S.D. Cal.).

8. Lynch Carpenter has experience leading large MDL actions like this one. *See, e.g.*, *In re Samsung Customer Data Security Breach Litig.*, MDL No. 3055 (D.N.J.); *In re Equifax, Inc. Customer Data Security Breach Litig.*, MDL No. 2800 (N.D. Ga.); *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL No. 2972 (D.S.C.); *In re Marriott International Customer Data Security Breach Litig.*, MDL No. 2879 (D. Md.); *In re Home Depot Customer Data Breach Litig.*, No. 1:14-md-02583, MDL 2583 (N.D. Ga.); *In re: BPS Direct, LLC, and Cabelas LLC, Wiretapping Litig.*, MDL. No. 3074 (E.D. Pa.); *In re Anthem, Inc. Customer Data Security Breach Litig.*, MDL No. 2617 (N.D. Cal.); *In re Target Corporation Customer Data Breach Litig.*, MDL No. 2522 (D. Minn.); *In re Ashley Madison Customer Data Security Breach Litig.*, MDL No. 2669 (E.D. Mo.); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL No. 2693 (C.D. Cal.); *In re Community Health Systems, Inc., Customer Data Security Breach Litig.*, MDL No. 2595 (N.D. Ala.); *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litig.*, MDL No. 3014 (W.D. Pa.); *In re Rust-Oleum Restore Marketing, Sales Practices and Prods. Liab. Litig.*, No. 1:15-cv-1364 (N.D. Ill.); *In re: FedLoan Student Loan Servicing Litig.*, MDL No. 2833 (E.D. Pa.); *In re Railway Industry*

*Employee No-Poach Antitrust Litig.*, MDL No. 2850 (W.D. Pa.); *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406 (N.D. Ala.).

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge. Executed on 28 February 2024, at San Diego, California.

_____
Jennifer M. French