UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION | MDL No. 1:23-md-3089-BMC<br><br>This Document Relates to<br>ALL CASES |

**CONSENSUS PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR AMENDED MOTION FOR AN ORDER APPOINTING PLAINTIFFS' PROPOSED <u>LEADERSHIP STRUCTURE AND APPOINTING INTERIM CLASS COUNSEL</u>**

**Dated:** March 11, 2024

Consensus Plaintiffs respectfully file this Reply in further support of their Amended Motion for an Order Appointing Plaintiffs' Proposed Leadership Structure and Appointing Interim Class Counsel (the "Leadership Motion") (Dkt. No. 135), and in response to Defendants' Joint Response to Plaintiffs' Amended Motion for an Order Appointing Plaintiffs' Proposed Leadership Structure and Appointing Interim Class Counsel (Dkt. No. 151).

As an initial matter, and as the Court is aware, the only two Plaintiffs' firms that had expressed any opposition to the Leadership Motion have since withdrawn their oppositions (*see* Notice of Withdrawal of Application of Beasley Allen Law Firm for Appointment to Executive Committee Leadership Position, Dkt. No. 150, and the Lynch Carpenter Plaintiffs' Response to Case Management Order No. 1 and Notice of Intent to Join Consensus Plaintiffs' Motion for Appointment, Dkt. No. 168). Further, no other Plaintiffs' counsel has filed or sought a leadership position pursuant to the directives of Case Management Order No. 1. Thus, the Leadership Motion is the only outstanding motion relating to a leadership structure for Plaintiffs.

As it pertains to the Defendants' Joint Response to the Consensus Plaintiffs' Leadership Motion, and as the Consensus Plaintiffs discuss in said Leadership Motion, the Consensus Plaintiffs have formed a well-qualified, experienced, and cooperative Plaintiffs' leadership team, in compliance with the teachings of the Manual for Complex Litigation. § 10.224 (4th ed. 2005) ("MCL4th" or the "Manual"). The Consensus Plaintiffs are comprised of some of the most experienced and well-qualified class and mass action lawyers in the United States, their team coalesced organically, and they organized themselves months ago to begin the tremendous amount of work that a case of this magnitude—involving almost every major pharmaceutical manufacturer in the world, hundreds of products, and hundreds of millions of consumers—needs. Notably, in their Joint Response, Defendants do not dispute the qualifications or experience of the Consensus

1

Plaintiffs' proposed team. Instead, Defendants attempt to interpose themselves into the Plaintiffs'-side leadership discussion, contending that presently appointing Interim Class Counsel is "premature" and reserving for themselves the right to object to Plaintiffs' proposed leadership structure on purported "efficiency" grounds.

Defendants' position has no basis in fact. The Consensus Plaintiffs' proposed leadership structure has already shown itself to be efficient, effective, and necessary for a case of this size and complexity, and the members of the proposed leadership structure have already proven that they are able to work cooperatively with the dozens of law firms representing Plaintiffs. Since the FDA Advisory Committee's September 2023 unanimous vote declaring oral phenylephrine ineffective as a nasal decongestant, the Consensus Plaintiffs have held organizational meetings and formed multiple working groups that have held numerous (often weekly) meetings to discuss and address some key substantive and procedural issues in this litigation. Substantial legal and factual research has been conducted by dozens of law firms under the leadership of the Consensus Plaintiffs' proposed slate. As a result, *all* of the firms representing Plaintiffs in this litigation support the Consensus Plaintiffs' proposed leadership slate and its appointment here. Significantly, no promises or side-deals were made to obtain such support other than the commitment to work cooperatively with all counsel to ensure that their clients' rights and interests are protected, and that appropriate resources and talents are brought to bear to litigate their claims effectively and efficiently.

Defendants' position also has no basis in law. In cases like this one, characterized by multiple transferred class actions with overlapping allegations, such appointment is "probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). It is for this reason that appointment of Rule 23(g) counsel at the

outset of the case is routine, as it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL4th § 21.11.

As another Eastern District of New York court held in response to a similarly-objecting Defendant:

> The Defendant's only objection to the Plaintiffs' joint motion for appointment of co-lead interim class counsel is that said motion is premature. However, "[i]n cases ... where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Therefore, "the factors set forth in Rule 23(g)(1) are applicable in ensuring these [two] cases [presently before this Court] are administered efficiently, the claims of named plaintiffs and the putative class members are properly prosecuted, and redundant work is minimized." !*Szymczak v. Nissan N. Am., Inc.*, 2012 WL 1877306, at *2, 2012 U.S. Dist. LEXIS 78285, at *6 (S.D.N.Y. May 15, 2012).

*Delre v. Perry*, 288 F.R.D. 241, 248 (E.D.N.Y. 2012). Litigation of this size demands a leadership slate robust enough to manage it: no one or small handful of Plaintiff firms can or should carry that burden alone, and it is inconceivable that moving the case forward for now on an *ad-hoc*, informal basis without a leadership appointment would aid such a massive case's efficiency.

Further, Defendants' purported reservation of rights to comment on the "efficiency" of Plaintiffs' proposed slate is also inappropriate. Defendants have no more right to challenge Plaintiffs' self-organization than Plaintiffs do Defendants'. In any event, the Consensus Plaintiffs' proposed leadership slate size merely reflects this litigation's size and complexity. Unsurprisingly, similarly-sized slates are routinely approved to lead such large MDLs, such as the 22-member leadership team in *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) and the 41-member team in *In re: Insulin Pricing Litig.*, MDL No. 3080 (D.N.J.).

3

With respect, Defendants' opinion regarding how Plaintiffs organize themselves should be disregarded. As Consensus Plaintiffs discussed in their opening brief in support of their Leadership Motion (Dkt. No. 136, at n.6), Defendants' effort to interfere with Plaintiffs' private ordering process and their proposed leadership structure epitomizes Judge Posner's admonition in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981), about how a defendant, trying to interpose itself into Plaintiff-side issues, "is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house." Nothing has changed in the 43 years since Eggleston to alter that conclusion.

For these reasons, Consensus Plaintiffs respectfully request the Court grant their Amended Motion for an Order Appointing Plaintiffs' Proposed Leadership Structure and Appointing Interim Class Counsel, and grant such other and further relief as the Court deems just and proper under the circumstances.

Dated:  March 11, 2024
         New York, New York

                                                    Respectfully submitted,

                                                    /s/ Michael A. London
                                                    Michael A. London (ML-7510)
                                                    **DOUGLAS & LONDON P.C.**
                                                    59 Maiden Lane – 6th Floor
                                                    New York, New York 10038
                                                    Tel: 212-566-7500
                                                    mlondon@douglasandlondon.com

                                                    Bryan F. Aylstock
                                                    **AYLSTOCK WITKIN KREIS
                                                    OVERHOLTZ PLLC**
                                                    17 East Main Street, Suite 200
                                                    Pensacola, Florida 32502
                                                    Tel: 850-202-1010
                                                    baylstock@awkolaw.com

4

Kiley L. Grombacher
**BRADLEY/GROMBACHER LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: 866-881-0403
kgrombacher@bradleygrombacher.com

James E. Cecchi
**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: 973-994-1700
jcecchi@carellabyrne.com

Adam J. Levitt
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-214-7900
alevitt@dicellolevitt.com

Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Tel: 630-273-2625
beth@feganscott.com

Jonathan D. Selbin
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
Tel: 212-355-9500
jselbin@lchb.com

Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, New Jersey 07660
Tel: 888-546-8799
cseeger@seegerweiss.com

Jason P. Sultzer
**THE SULTZER LAW GROUP P.C.**
85 Civic Center Plaza Ste. 200
Poughkeepsie, New York 12601
Tel: 845-244-5595
sultzerj@thesultzerlawgroup.com

Lindsey N. Scarcello
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: 816-701-1102
lscarcello@wcllp.com

*Plaintiffs' Proposed Executive Committee and Interim Class Counsel*