A TRUE COPY ATTEST
Date: 4/15/2024
BRENNA B. MAHONEY, CLERK OF COURT
By: *Alisha Francis*, Deputy Clerk

# UNITED STATES JUDICIAL PANEL
# on
# MULTIDISTRICT LITIGATION

IN RE: ORAL PHENYLEPHRINE MARKETING
AND SALES PRACTICES LITIGATION                        MDL No. 3089

## TRANSFER ORDER

**Before the Panel:**[*] Defendants Johnson & Johnson Consumer Inc. ("JJCI"), The Procter & Gamble Company, Haleon US Holdings LLC, and CVS Pharmacy, Inc. move to transfer the actions listed in Schedule A ("the Maximum Strength Actions") to MDL No. 3089. Plaintiffs oppose transfer.

### I.

The Maximum Strength Actions on Schedule A – *Tuominen, Tlaib, Riccio,* and *Krist* – are before us a second time. In our order establishing MDL No. 3089, we held that industrywide centralization was warranted for actions alleging that "defendants' oral phenylephrine products do not work as advertised to relieve nasal congestion and are no more effective than a placebo." *See In re Oral Phenylephrine Mktg. and Sales Pracs. Litig.*, __ F. Supp. 3d __, 2023 WL 8538831 (J.P.M.L. Dec. 6, 2023). The centralized actions seek to recover economic losses and injunctive relief on behalf of putative nationwide and statewide classes of affected consumers. But we excluded actions that intended to focus exclusively on the "Maximum Strength" labeling of oral phenylephrine products, in contrast to the efficacy of oral phenylephrine, "based on statements made at oral argument by counsel representing those plaintiffs." *See id.* at *1-2 & n.4. In particular, we relied upon counsel's representation that "they will not litigate the efficacy of oral phenylephrine in their actions and, importantly, that they will amend their complaints to delete the allegations that refer to the alleged inefficacy of oral phenylephrine." *See id.* at *2.

Since that time, 79 actions have been transferred to the MDL. Additionally, plaintiffs in the Maximum Strength Actions filed amended complaints intended to remove allegations about the alleged inefficacy of oral phenylephrine. The crux of the amended complaints is that the "Maximum Strength" labeling on defendants' oral phenylephrine nasal decongestant and pain relief products is false and misleading because the decongestant ingredient – phenylephrine – is not as strong as other over-the-counter decongestants, such as pseudoephedrine-containing products, as demonstrated by studies finding that pseudoephedrine is "superior to" and "far more

---

[*] Judge Nathaniel M. Gorton and Judge David C. Norton did not participate in the decision of this matter.

effective" than oral phenylephrine.[1]  The amended complaints, like the original complaints, further allege that, as to pain relief, other over-the-counter drugs have higher acetaminophen dosages.  As before, they seek to recover damages on behalf of putative nationwide classes of affected consumers of defendants' oral phenylephrine products labeled "Maximum Strength" or "Max Strength" – that is, Sudafed PE, Vicks Dayquil and Nyquil, Robitussin, Theraflu, Contac, and CVS Health store-brand versions of similar products.  After the amended complaints were filed, defendants moved to transfer the Maximum Strength Actions to MDL No. 3089, based on the amended complaints' asserted overlap with the actions in the MDL.

II.

After considering the argument of counsel, we find that the Maximum Strength Actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 3089, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Our decision last year to exclude the Maximum Strength Actions was based on oral argument statements made by plaintiffs' counsel that "they will not litigate the efficacy of oral phenylephrine in their actions," and "they will amend their complaints to delete the allegations that refer to the alleged inefficacy of oral phenylephrine." *See* 2023 WL 8538831, at *2.  In our judgment, the complaints, as amended, still raise factual questions as to the efficacy of oral phenylephrine.

In opposition to transfer, plaintiffs argue that their amended complaints focus on the "comparative effectiveness" of oral phenylephrine in treating nasal decongestion symptoms, which they assert is not at issue in the MDL.  *See* Pls.' Opp'n Br., at 8 (J.P.M.L. Feb. 8, 2024) ("[o]nly Defendants' products' comparative effectiveness is at issue in the Maximum Strength Actions").  They attempt to draw a distinction between "comparative effectiveness" (i.e., a drug's performance compared to other treatment options) and "efficacy" (which they call "clinical efficacy" – i.e., "a drug's performance under ideal and controlled circumstances"), and assert their actions fall on one side and the MDL actions on the other.  But this distinction is illusory given that comparative effectiveness includes not working at all, which is the central allegation in the MDL actions.  Indeed, the amended complaints continue to rely on scientific analyses about the effectiveness of oral phenylephrine which are cited in the actions in the MDL.  Thus, transfer will facilitate the efficient conduct of overlapping pretrial proceedings given the shared factual questions about the use of oral phenylephrine to relieve nasal congestion.

Moreover, at least one action asserting a "Maximum Strength" false labeling claim is now pending in the MDL (*Noviskis*), on behalf of a nationwide class of consumers that substantially overlaps with the proposed classes of Sudafed PE and Vicks Nyquil and Dayquil consumers in two of the Maximum Strength Actions (*Tuominen* and *Tlaib*).[2]  Indeed, the proposed nationwide classes of consumers in all four Maximum Strength Actions on Schedule A are subsumed by the proposed

---

[1] *See Tuominen* First. Am. Compl. ¶¶ 9-10, 38-39; *Tlaib* First Am. Compl. ¶¶ 9-10, 33-34; *Riccio* First Am. Compl. ¶¶ 10-11, 35-56; *Krist* First Am. Compl. ¶¶ 10-11, 34-35.

[2] *Noviskis* asserts both that oral phenylephrine "is not as effective as . . . pseudoephedrine" and that it is "ineffective." *See Noviskis* Compl. ¶¶ 17, 35.

classes in the MDL.[3]  Transfer will streamline proceedings on class certification and avoid inconsistent pretrial rulings.

Plaintiffs' objections to transfer based on their allegedly different damages model also is unpersuasive.  The Panel generally has transferred actions even if the type of relief sought or specific damages model differs from the actions in an MDL.[4]

Plaintiffs' reliance on noncommon issues allegedly raised by the acetaminophen dosage issue in the Maximum Strength Actions fares no better.  The involvement of acetaminophen is unlikely to hinder the just and efficient conduct of the Maximum Strength Actions in the MDL, considering the common factual core concerning phenylephrine. The transferee judge has the discretion to employ any number of techniques, such as establishing separate discovery and motion tracks, to address differences among the centralized actions.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Brian M. Cogan for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly        Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

---

[3] *See, e.g., Chavez* Compl. ¶¶ 1-19 (putative nationwide class of purchasers of at least 250 oral phenylephrine decongestant products, including Sudafed, Robitussin, Theraflu, Contac, Advil, and CVS Health products); *Kleiman* Compl. ¶¶ 1, 23 (putative nationwide class of purchasers of CVS Health products containing phenylephrine, including CVS Health Maximum Strength Cold & Flu Medicine).

[4] *See, e.g., In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406, Transfer Order, at 1 (J.P.M.L. Oct. 4, 2017) (transferring tag-along action over plaintiffs' objection "that their action is based on a different damages model than that of the MDL provider plaintiffs," where the action shared a "common factual core" with the MDL actions); *In re National Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 24 F. Supp. 3d 1366, 1366-67 (J.P.M.L. 2014) (transferring actions over the objection that different types of relief were sought in certain actions).

IN RE: ORAL PHENYLEPHRINE MARKETING
AND SALES PRACTICES LITIGATION                                MDL No. 3089

## SCHEDULE A

<u>Northern District of Illinois</u>

TUOMINEN v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 1:23−13796   1:24-cv-02787
TLAIB v. PROCTER & GAMBLE COMPANY, C.A. No. 1:23−13840   1:24-cv-02739
RICCIO v. PFIZER, INC., C.A. No. 1:23−13843   1:24-cv-02795
KRIST v. CVS PHARMACY, INC., C.A. No. 1:23−13998   1:24-cv-02748