UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Oral Phenylephrine Marketing and Sales Practices Litigation<br><br>This document relates to:<br><br>All actions. | Case No. 1:23-md-03089-BMC<br><br>Hon. Brian M. Cogan |

**[PROPOSED] AMENDED ORDER GOVERNING INITIAL STREAMLINED CONSOLIDATED CLASS ACTION COMPLAINT AND DEFENDANTS' MOTION TO DISMISS IN RESPONSE**

1. Pursuant to the parties' previously-filed [Proposed] Order Governing Plaintiffs' Initial Streamlined Consolidated Complaint and Defendants' Motion to Dismiss in Response (ECF No. 196-1) and the Court's related Order of April 17, 2024 (ECF No. 197), the parties and the Court agreed Plaintiffs would "file an Initial Streamlined Consolidated Complaint under New York law alleging representative examples of the conduct and claims they allege to be at issue in this multidistrict litigation relating, among other things, to the marketing and labeling of oral phenylephrine products."

2. The parties and the Court also agreed that, by June 3, 2024, all named and served Defendants will "file a single joint motion to dismiss raising arguments solely on preemption and/or primary jurisdiction."

3. On May 3, 2024, Interim Class Counsel filed the Intitial [sic] Streamlined Consolidated Class Action Complaint (the "Initial Streamlined Complaint") (ECF No. 200), alleging representative examples of the conduct and claims they allege to be at issue in this multidistrict litigation relating, among other things, to the marketing and labeling of oral phenylephrine products. Plaintiffs included, for the first time in any complaint filed in this multidistrict litigation, a federal RICO claim against the "RICO Defendants" (ECF No. 200 at Count 7). This claim is governed by federal law, not New York

law.

4. In light of Plaintiffs' inclusion of the new federal RICO claim, the parties now agree that, in addition to defenses of preemption and/or primary jurisdiction outlined in the parties' prior stipulation (ECF No. 196) and the Court's corresponding Order (ECF No. 197), Defendants are also permitted to raise in their forthcoming Motion to Dismiss certain arguments responsive to the RICO claim (hereinafter "initial RICO arguments").

5. Plaintiffs' response will be due July 15, 2024, and Defendants' reply will be due August 5, 2024. For purposes of this motion only, the parties are excused from complying with the Court's requirement to request a pre-motion conference.

6. Regardless of when Plaintiffs file their Full Master Consolidated Complaint, Defendants shall not be obligated to answer or otherwise respond to the Full Master Consolidated Complaint until 45 days after the Court rules on Defendants' motion to dismiss the Initial Streamlined Complaint. For the avoidance of doubt, Defendants shall not be obligated to raise any arguments for dismissal of either the Initial Streamlined Complaint or a Full Master Consolidated Complaint with respect to any issues other than preemption and/or primary jurisdiction and/or initial RICO arguments until their deadline to answer or otherwise respond to the Full Master Consolidated Complaint, a deadline that shall be set by the Court.

7. The Parties agree that to the extent the Court grants or denies Defendants' motion to dismiss based on preemption and/or primary jurisdiction and/or any initial RICO argument(s) raised, the order will apply to all cases in this multidistrict litigation or otherwise subject to transfer into this multidistrict litigation.

**Parties' Reservation of Rights**

8. **Plaintiffs.** In filing the Initial Streamlined Complaint, Plaintiffs will not be prejudiced

by failure to (1) allege every single instance of the conduct they allege to be wrongful relating to the marketing and labeling of oral phenylephrine cold medicines, (2) identify all products at issue, (3) file on behalf of every named plaintiff in this litigation, or (4) refer to the laws of any state other than New York.  Plaintiffs hereby represent that they have filed sufficient representative examples of the conduct and claims that they allege to be wrongful that a motion to dismiss based on preemption and/or primary jurisdiction and/or initial RICO arguments will, if such arguments prevail, resolve this litigation in its entirety, regardless of additional specific examples of wrongful conduct, additional products named, additional Plaintiff-related allegations, or additional state-law claims that are pled or could be pled in a future Full Master Consolidated Complaint.

9. **Defendants.**  In moving to dismiss the Initial Streamlined Complaint based only on preemption and/or primary jurisdiction and/or initial RICO arguments, Defendants will not be prejudiced by failure to raise additional arguments for dismissal under Federal Rule of Procedure 12 unrelated to preemption and/or primary jurisdiction and/or the initial RICO arguments if, in the event the Court denies the motion to dismiss based on preemption and/or primary jurisdiction and/or initial RICO arguments, a subsequent Full Master Consolidated Complaint is filed.  Plaintiffs agree that, in the event the Court denies the motion to dismiss based on preemption and/or primary jurisdiction and/or initial RICO arguments, Defendants shall be permitted to move to dismiss any cause of action set forth in the subsequent Full Master Consolidated Complaint based on any defense under Federal Rule of Civil Procedure 12(b) that has not already been briefed and addressed by the Court in ruling on the motion to dismiss the Initial Streamlined Complaint.  Nothing about this stipulation, or the filing of any motion to dismiss the Initial Streamlined Complaint, waives any Defendants' personal jurisdiction defense.

**SO ORDERED.**

Dated: _____		_____
										THE HONORABLE BRIAN M. COGAN
										UNITED STATES DISTRICT JUDGE