```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
                                                                  :
IN RE: ORAL PHENYLEPHRINE MARKETING                               :
AND SALES PRACTICES LITIGATION                                    :
                                                                  :  23-md-3089-BMC
                                                                  :
THIS DOCUMENT APPLIES TO:                                         :  **CORRECTED CASE**
                                                                  :  **MANAGEMENT ORDER**
ALL CASES                                                         :  **NO. 1**
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

In order to set out preliminary rules for the process of this case, it is **ORDERED**:

### I.   APPLICABILITY

This order shall govern the practice and procedure in the cases that have been or will be transferred to this Court as part of this MDL. Any additional cases assigned to the undersigned judge following entry of this Order which the Court deems to be related to these cases shall be subject to this Order.

### II.   ADMINISTRATION

All member cases will be administratively closed. This means that all member cases are closed <u>only</u> for Court statistical purposes, which will not affect nor terminate the members' association with the MDL. Hyperlinks to all open cases will remain on the docket.

### III.   ELECTRONIC CASE FILING

All counsel shall familiarize themselves with this District's local rules and the Court's Individual Practice Rules, which may be obtained on the Court's website at

https://www.nyed.uscourts.gov/content/judge-brian-m-cogan.

The parties are advised that all cases will be associated. Each document shall indicate if it relates to "All Cases" (as above) or only specific cases. Future filings that are applicable in all related cases may be electronically "spread" to all related cases, thus avoiding the need for separate filings. If the filing pertains to a specific case or cases, that entry should only be filed in that particular case or those particular cases. If assistance is needed in a filing in this manner, please contact the Clerk's Office at (718) 613-2332.

Additionally, all documents filed on ECF must be appropriately labeled so that the docket remains intelligible, e.g., "Letter regarding parties' discovery disputes." Letters or filings that request relief from the Court should be designated as an ECF event "Motion."

IV.   **APPLICATIONS TO THE COURT**

Individual Practice Rule III.A.1 for discovery motions shall be generally applicable to all communications or applications requiring a response from the Court, except substantive motions, which require a pre-motion conference letter (Practice Rule III.A.2). Counsel should meet and confer with the goal of agreeing on a request before filing a letter with the Court. Counsel shall file a **single** letter, jointly composed, setting out each party's position. Separate and successive letters will be disregarded.

The Court amends its prior order regarding motions for admission pro hac vice as follows. Counsel who appeared in the transferor district court *prior* to the transfer, if not members of the bar of this Court, need not file motions for admission pro hac vice as long they are a member in good standing of the Bar of any district court of the United States. Counsel who appear for the first time in an action *after* it has been transferred to this Court and who are not members of the bar of this Court must file motions to be admitted pro hac vice in accordance with Local Civil Rule 1.3(c). The pro hac vice motion shall be filed on the Lead Case, 23-md-

2

3089, only (regardless of whether counsel seeking admission intends to appear in one or more related individual cases). After a motion for admission pro hac vice is granted, counsel are required to (1) file a notice of appearance on the Lead Case, and (2) then, if necessary, counsel may file one or more notices of appearance separately and individually *(i.e.,* one at a time) in any related individual case or cases in which counsel intends to appear.

V.  **INITIAL STATUS CONFERENCE**

The Court will hold an Initial Status Conference by video on April 2, 2024 at 6:00pm. Parties at the conference should be prepared to present their positions on the following issues:

- Consolidation of all cases (and whether certain subsets of cases should be coordinated in any way)
- Appointment of Lead Class Counsel and Liaison Counsel
- An initial discovery schedule
- A class certification schedule
- Entry of orders directing preservation of evidence and a protocol for discovery of ESI

Any party may submit proposed agenda items for the initial status conference no later than three days before the conference. Any such list may not exceed two pages, without attachments, and must consist of bullet-point items, without argument or legal analysis, reasoning, or justification.

At least one attorney for each defendant should attend the initial status conference. To minimize unnecessary expense, the Court does not require attorneys for each plaintiff to attend. Plaintiffs with similar interests should attempt to agree, to the extent practicable, on an attorney who will act on their joint behalf at the hearing.

## VI. ORGANIZATION OF COUNSEL

Prior to the initial status conference, counsel on each side shall confer and attempt to seek consensus on whether lead counsel and liaison counsel should be appointed and, if so, the selection of candidates for these positions. Plaintiffs' counsel and defense counsel shall attempt to reach and file a stipulation as to the organization of their respective counsel. If the parties are unable to do so, any party may file a motion for the appointment of lead counsel and/or liaison counsel, including proposed orders, no later than March 8, 2024.

## VII. PRESERVATION OF EVIDENCE

Pending entry of an order regarding preservation of evidence, all parties shall take reasonable steps to preserve all documents, data, ESI, and tangible things containing information potentially relevant to this litigation. All counsel shall make reasonable efforts to identify and notify parties and nonparties (including employees of corporate or institutional parties) of this directive.

## VIII. EXTENSION AND STAY

Any defendant that has not yet answered or otherwise pleaded is granted an extension of time for answering or otherwise pleading until a date to be set by the Court. Pending the initial status conference and until further order of the Court, all outstanding discovery is stayed, and no further discovery may be initiated. All pending motions that predate transfer or reassignment of any action are hereby terminated.

## IX. ORDERS ENTERED BY TRANSFEROR COURTS

All orders entered by transferor courts imposing deadlines for pleadings or discovery are vacated.

**SO ORDERED.**

                                                                           *Brian M. Cogan*
                                                                   _____
                                                                                    U.S.D.J.

Dated: Brooklyn, NY
           May 17, 2024