


59 Maiden Lane, 6th Floor
New York, NY 10038

Phone: (212) 566-7500
Fax: (212) 566-7501
www.DouglasAndLondon.com

Gary J. Douglas [P]
Michael A. London *
Stephanie O'Connor *
Randolph D. Janis
Virginia E. Anello ^

Rebecca G. Newman *
Robin J. Bond *
Alicia Ellsayed
Lara J. Say *[n]
Tate J. Kunkle [t]
Anne Accettella
Sara Castronuova *

* Also admitted in NJ
[P] Also admitted in PA
^ Also admitted in LA & MA
[n] Also admitted in NC
[t] Also admitted in CT

*The attorney in charge of New Jersey practice is Michael A. London*

May 23, 2024

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: In re: Oral Phenylephrine Marketing and Sales Practices Litigation**
**1:23-md-03089-BMC**

Dear Judge Cogan:

The parties respectfully submit this joint discovery status report pursuant to the Court's Order dated May 16, 2024. The parties have competing positions on the current status of discovery and how it should proceed in the future. The parties' positions are as follows:

## A. Plaintiffs' Position

**Rule 26(a)(1) Disclosures.** On May 17, 2024, the Parties timely exchanged their Initial Disclosures. Plaintiffs believe that many of the Initial Disclosures received are deficient and will engage in a meet and confer with each Defendant on their respective responses.

**Initial Discovery Orders.** At the April 2, 2024, Case Management Conference ("CMC"), the Court generously gave the parties 60 days to negotiate confidentiality and ESI orders. *See* April 2, 2024 Tr, at pp. 13-14. On April 3, 2024, Plaintiffs provided Defendants with their proposed ESI protocol. On April 22, 2024, Plaintiffs provided Defendants with their proposed Protective Order and Privilege Log Order. These proposed orders contained provisions relating to preservation of relevant information, the protection of confidential information, privilege logs and claw-backs. On May 9, 2024, over thirty days following the submission of Plaintiffs' proposal,

Defendants responded to Plaintiffs' proposed ESI protocol with an entirely different ESI protocol, indicating they thought it impractical to redline Plaintiffs' proposal, due to the competing interests of the various Defendants. On May 14, 2024, the parties met and conferred on Defendants' proposed ESI Protocol. On this call, Defendants advised that they would respond to the Plaintiffs' proposed Protective Order and Privilege Order the following week (i.e. the week of May 20, 2024) and that they believed the Protective Order and Privilege Order should be two separate documents. Plaintiffs thereafter provided a markup and comments to Defendant's ESI protocol on May 20, 2024. Yesterday, May 22, 2024, thirty days following the submission of Plaintiffs' proposal, Defendants provided Plaintiffs with their revisions to the Protective Order only and advised that they would be sending a separate Privilege Log Order "shortly". Defendants also offered dates to meet and confer on the ESI Order. Plaintiffs accepted the first date and time slot offered and intend to also meet and confer on the Protective Order.

Plaintiffs respectfully request that, consistent with the deadlines set by the Court at the April 2, 2024 CMC, the parties be directed to submit proposed Orders concerning ESI, Confidential Information, Privileged Information, and Document Preservation to the Court by June 3, 2024. To the extent the parties are unable to agree on certain terms of the proposed Orders, Plaintiffs respectfully request that the parties be permitted to submit competing provisions, explaining their respective positions, by June 3, 2024.

**Rule 26(f) Conferences and Additional Discovery.** On April 26, 2024, Plaintiffs requested that Defendants provide available dates for Rule 26(f) conferences. On May 1, 2024, Defendants responded that they believed Rule 26(f) conferences were premature and that there was a discovery stay in place per Case Management Order No. 1 ("CMO 1"). Further communications resulted in no changes to the parties' respective positions.

Plaintiffs respectfully submit that discovery efforts should not be delayed. However, and unfortunately, Defendants are taking the position that all discovery, except for Rule 26(a)(1) disclosures and protective and ESI order negotiations, should be stayed pending a decision on their motion to dismiss – a position that goes against the general well-accepted rule of law that a motion to dismiss, even if it dispositive, does not in and of itself justify a stay of discovery. *See Hachette Distribution, Inc. v. Hudson Cnty. News Co.,* 136 F.R.D. 356 (E.D.N.Y. 1991). Further, Defendants' claim that the scope of discovery here is dependent upon a Master Complaint that has not yet been filed, but that argument is misguided, at best. As Your Honor previously noted at the April 2, 2024 CMC in response to a similar scope argument:

> Everybody knows what this case is about. Really. There will be lots of legal issues and nuances and all that in terms of the facts and what happened and who knew what when. You know where to look for those documents. To the extent they help your case, you can start identifying. Let's start in 45 days. *See* Tr. at p. 17.

Plaintiffs understood from the discussions at the last CMC that the beginning stages of discovery were commencing, and any discovery stay imposed by CMO 1 had been lifted. To this end, Plaintiffs respectfully submit that CMO 1 should not be used, nor was it intended to be used, to prevent discovery from advancing, especially Rule 26(f) conferences, or to delay exchanges of information that will help the parties in their negotiation and advancing discovery in this MDL. Plaintiffs fail to see how commencement of Rule 26(f) conferences, which will assist with moving forward with initial discovery, are burdensome to Defendants. Indeed, they are standard fare in

any MDL.

To the extent the stay imposed by CMO 1 is still in place, Plaintiffs maintain that such a stay is not warranted here, especially where Plaintiffs are confident that their claims will survive because defendants have not, and will not, make a strong showing that their claims are unmeritorious. *See Robbins v. Candy Digit. Inc.,* 2024 U.S. Dist. LEXIS 88694 (S.D.N.Y. May 15, 2024) (denying motion to stay because, even though the defendants had made strong arguments in support of dismissal, the plaintiff had made equally strong arguments against dismissal). Proceeding with preliminary discovery is the most efficient way to avoid unnecessary delays.

Accordingly, Plaintiffs respectfully request that the Court lift any discovery stay that may be in place and direct each defendant to engage in and complete Rule 26(f) conferences on or before June 17, 2024. Further, Plaintiffs request that they be permitted to serve initial Requests for Interrogatories and Requests for Production of Documents on all Defendants named in the NY Bellwether Complaint by June 21, 2024, and that the parties be required to confer on a joint discovery plan by June 7, 2024.[1]

**B. <u>Defendants' Statement</u>**

At the April 2 case management conference, Plaintiffs proposed that they would file a bellwether complaint in lieu of a master consolidated complaint, the purpose of which they said was "to get this preemption motion teed up early." Tr. 10:23-24. The parties and this Court then agreed that Defendants may file a motion to dismiss raising threshold legal defenses that "will, if such arguments prevail, resolve this litigation in its entirety." ECF No. 204 at 3. Despite the parties' agreement and this Court's order that the Initial Streamlined Complaint would only raise claims "under New York law" (ECF No. 197 ¶ 1), Plaintiffs added a federal RICO claim (not previously included in any of the 98 MDL complaints). Defendants have not asked for more time or more pages for their motion to dismiss, which they believe will "resolve this litigation in its entirety," including the new RICO claim. They will file it on June 3, and—because Plaintiffs wanted six weeks to file an opposition—it will be fully briefed by August 5.

Meanwhile, this Court has explicitly stayed discovery in this litigation, with two limited exceptions, and Defendants have complied with this Court's orders. *See* CMO 1 ECF No. 162 § VIII, ECF No. 205 § VIII ("until further order of the Court, all outstanding discovery is stayed, and no further discovery may be initiated"). *First*, CMO 1 contemplates that the parties will negotiate protective orders and ESI protocols, *see id.* § V, and those efforts are well underway. As Defendants previewed at the initial case management conference, *see* Tr. 14:5-17, these efforts are time intensive given the number of defendants in this litigation--each of whom has unique e-discovery systems, practices, and requirements--and given the fact that defendants are competitors with each other. Plaintiffs' initial draft orders did not account for these complexities. Defendants remain committed to working with Plaintiffs to submit any agreed-upon orders or competing drafts to the Court, and they have set follow up calls to narrow any areas of disagreement. Defendants anticipate there will be numerous areas of disagreement if the parties are forced to file proposed orders by June 3, but they believe if given until June 28, any areas of disagreement can be

---

[1] In the event the Court is inclined to stay discovery because Plaintiffs have asserted a RICO claim, Plaintiffs respectfully request that such a stay be limited only to discovery that pertains to Plaintiffs' RICO claims.

eliminated or at least narrowed. *Second*, this Court also directed the parties to exchange initial disclosures, which they did for all defendants who are properly named in and served with the Initial Streamlined Complaint on May 17.

The Court's general stay of discovery remains in place, and there are at least three reasons the Court should maintain this status quo until after it rules on Defendants' motion to dismiss.

*First*, the purpose of the streamlined complaint was to focus the parties' and this Court's efforts on case-dispositive defenses that, if granted, would end the litigation before the parties and the Court are burdened with unnecessary discovery. Defendants' motion will show that Plaintiffs' claims are preempted, and courts commonly stay discovery when presented with this threshold defense. *See, e.g.*, *Cohen v. Saraya USA, Inc.*, 2024 WL 198405 (E.D.N.Y. Jan. 18, 2024) (staying discovery pending resolution of preemption defense to labeling claims). Plaintiffs attempted to plead around this problem by adding a new RICO claim against some defendants. But Plaintiffs lack standing to bring that claim because they did not directly purchase the medicine at issue from the RICO defendants, and that claim is also precluded by the FDCA. This Court previously stayed discovery in similar circumstances. *See Lawson v. Rubin*, 2018 WL 4211446, at *1-2 (E.D.N.Y. Mar. 7, 2018) (Cogan, J.) (staying discovery where defendants raised "credible arguments that plaintiffs cannot demonstrate RICO standing").

*Second*, consistent with focusing the initial phases of this case on threshold legal defenses, the streamlined complaint did not include any non-New York plaintiffs, and it did not name all defendants in this MDL as defendants. Plaintiffs further have stated that litigation (including discovery) is stayed as to all defendants (and all plaintiffs) not named in the streamlined complaint. It makes no sense to arbitrarily commence discovery involving some parties but not others based solely on Plaintiffs' whim as to what parties were or were not named in the streamlined complaint.

*Third*, having filed the streamlined complaint to facilitate threshold resolution of certain case-dispositive arguments, Plaintiffs have not yet undertaken the burden of preparing a master complaint, which will frame the scope of discovery here. The parties should not be forced to bear discovery-related burdens when Plaintiffs have not prepared a master complaint.[2]

This Court should therefore (1) direct the parties to submit by June 28 agreed-upon protective and ESI orders, or if the parties cannot reach agreement, competing drafts, (2) set the next status conference on a date after this Court anticipates ruling on Defendants' forthcoming motion to dismiss, and (3) if this Court denies Defendants' motion to dismiss, direct the parties to submit 14 days in advance of that status conference a proposed schedule to govern the filing of a master consolidated complaint, any additional motions to dismiss any Defendant may make, discovery, and class certification. To the extent this Court is inclined to enter any additional orders at this time, Defendants would welcome the opportunity to discuss these issues with the Court at a hearing.

---

[2] The Court's comments above quoted by Plaintiffs came only in the context of discussing the burdens associated with preparing initial disclosures, and since the Court made those comments, Plaintiffs added new RICO claims to this case.

Dated: May 23, 2024

Respectfully Submitted:

*/s/ Michael A. London*
Michael A. London (ML-7510)
DOUGLAS & LONDON P.C.
59 Maiden Lane – 6th Floor
New York, New York 10038
Tel: 212-566-7500
mlondon@douglasandlondon.com
*Chairperson of the Plaintiffs' Executive Committee*

*/s/ Bryan F. Aylstock*
AYLSTOCK WITKIN KREIS OVERHOLTZ PLLC
17 East Main Street, Suite 200
Pensacola, Florida 32502
Tel: 850-202-1010
baylstock@awkolaw.com

*/s/ Kiley L. Grombacher*
BRADLEY/GROMBACHER LLP
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Tel: 866-881-0403
kgrombacher@bradleygrombacher.com

*/s/ James E. Cecchi*
CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: 973-994-1700
jcecchi@carellabyrne.com

*/s/ Adam J. Levitt*
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-214-7900
alevitt@dicellolevitt.com

*/s/ Elizabeth A. Fegan*
FEGAN SCOTT LLC
150 South Wacker Drive, 24th Floor
Chicago, Illinois 60606
Tel: 630-273-2625
beth@feganscott.com

*/s/ Jonathan D. Selbin*
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, New York 10013
Tel: 212-355-9500
jselbin@lchb.com

*/s/ Christopher A. Seeger*
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, New Jersey 07660
Tel: 888-546-8799
cseeger@seegerweiss.com

*/s/ Jason P. Sultzer*
THE SULTZER LAW GROUP P.C.
85 Civic Center Plaza Ste. 200
Poughkeepsie, New York 12601
Tel: 845-244-5595
sultzerj@thesultzerlawgroup.com

*/s/ Lindsey N. Scarcello*
WAGSTAFF & CARTMELL
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: 816-701-1100
lscarcello@wcllp.com

*Plaintiffs' Executive Committee and Interim Class Counsel*

*/s/ Andrew Soukup*
Andrew Soukup (*pro hac vice)*
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5066
asoukup@cov.com
lflahivewu@cov.com

Cortlin H. Lannin (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7078
clannin@cov.com

*Attorneys for Defendant The Procter & Gamble Company*

*/s/ Jay P. Lekfowitz*

Jay P. Lefkowitz. P.C.
Jacob M. Rae
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
lefkowitz@kirkland.com
jacob.rae@kirkland.com

Robyn E. Bladow (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 S. Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

*Attorneys for Defendant Haleon US Holdings LLC*

*/s/ Hannah Y. Chanoine*

Hannah Y. Chanoine
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
hchanoine@omm.com

Amy J. Laurendeau (*pro hac vice*)
Emilie W. Hamilton
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
alaurendeau@omm.com
ehamilton@omm.com

*Attorneys for Defendant Johnson & Johnson Consumer Inc.*

/s/ Robert W. Sparkes, III
Robert W. Sparkes, III (*pro hac vice*)
Jennifer Janiera Nagle (*pro hac vice*)
K&L GATES LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Telephone: (617) 261-3100
robert.sparkes@klgates.com
jennifer.nagle@klgates.com

Ruby A. Nagamine (*pro hac vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
ruby.nagamine@klgates.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

/s/ E. Paige Sensenbrenner
E. Paige Sensenbrenner (*pro hac vice*)
Diana Cole Suprenant (*pro hac vice*)
ADAMS AND REESE, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
paige.sensenbrenner@arlaw.com
diana.suprenant@arlaw.com

*Attorneys for Defendants Associated Wholesale Grocers, Inc. and Valu Merchandisers Co.*

/s/ Michael Klebanov
Michael Klebanov (*pro hac vice*)
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
Telephone: (202) 378-2363
michael.klebanov@huschblackwell.com

Tanner Cook (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
Tanner.cook@huschblackwell.com

*Attorneys for Defendant Dierbergs Markets, Inc.*

/s/ Michael F. Healy
Michael F. Healy (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1900
mfhealy@shb.com

Daniel B. Rogers (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Boulevard Suite 3200
Miami, FL 33131
Telephone: (305) 358-5171
drogers@shb.com

*Attorneys for Defendant Publix Super Markets, Inc.*

/s/ James L. Bernard
James L. Bernard
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3121
James.bernard@hoganlovells.com

Lauren S. Colton (*pro hac vice*)
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2733
Lauren.colton@hoganlovells.com

*Attorneys for Defendant RB Health (US) LLC*

*/s/ Cara D. Edwards*
Cara D. Edwards
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Telephone: (212) 335-4714
cara.edwards@us.dlapiper.com

Christopher G. Campbell
DLA PIPER LLP (US)
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 736-7800
christopher.campbell@us.dlapiper.com

Christopher Young (*pro hac vice*)
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: (619) 699-4748
christopher.young@us.dlapiper.com

*Attorneys for Defendant Bayer HealthCare, LLC*

*/s/ Mark J. Lesko*
Mark J. Lesko
GREENBERG TRAURIG, LLP
900 Stewart Avenue, 5th Floor
Garden City, NY 11530
Telephone: (631) 994-2408
Mark.Lesko@gtlaw.com

Nilda Isidro
Dale Rose Goldstein
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Nilda.Isidro@gtlaw.com
GoldsteinD@gtlaw.com

*Attorneys for Defendants Albertsons Companies, Inc., Costco Wholesale Corporation, CVS Pharmacy Inc., Rite Aid Corporation, Target Corporation, Walgreen Co., Walmart Inc., and Wal-Mart Stores East, LP*

*/s/ Richard Fama*
Richard Fama
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
Telephone: (212) 509-9400
rfama@cozen.com

Karl Riley (*pro hac vice*)
COZEN O'CONNOR
Southeast Financial Center, Suite 3000
200 South Biscayne Blvd.
Miami, FL 33130
Telephone: (305) 704-5940
koriley@cozen.com

*Attorneys for The Kroger Co., Harris Teeter, LLC, and Harris Teeter Supermarkets, Inc.*