

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

October 2, 2024

Jonathan D. Selbin
Partner
jselbin@lchb.com

**VIA ECF**

Honorable Brian M. Cogan
United States District Court Judge
Eastern District of New York
255 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *In re: Oral Phenylephrine Marketing and Sales Practices Litigation,*
             Case No. 1:23-md-03089-BMC

Dear Judge Cogan:

      I write on behalf of Interim Class Counsel and Plaintiffs' Executive Committee.  We are now in receipt of the transcript from the September 23, 2024 hearing on Defendants' motion to dismiss.  We write to flag for the Court what we believe to be an important concession by Defendants' counsel as it relates to Plaintiffs' RICO claim and therefore a clarification to the oral argument presented.

      At the hearing, Plaintiffs argued that proximate cause is the required statutory standing under RICO.  Tr. at 42.  That was imprecise.  What Plaintiffs should have said, consistent with the Second Circuit cases cited in our opposition papers, is that RICO statutory standing consists of three elements—a violation of § 1962, the requisite injury, and causation, the last of which is comprised of both factual and proximate cause.  *See Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003)(listing elements); *see also Horn v. Medical Marijuana, Inc.*, 80 F.4th 130, 133, 138 (2d Cir. 2023)("RICO's civil-action provision . . . authorizes a plaintiff to sue for injuries in his business or property that are proximately caused by a violation of one of RICO's substantive provisions" and "by enacting a proximate-cause limitation on RICO standing, Congress made a judgment concerning the permissible degree of attenuation between a predicate act and a redressable RICO injury.") (cleaned up).  Defendants' motion did not contest that Plaintiffs plainly and plausibly allege a violation of § 1962, the requisite injury, and factual causation.  Which leaves proximate cause as the only element of RICO statutory standing in dispute.

      At the hearing, Your Honor asked Defendants' counsel: "if we were analyzing this solely on the basis of proximate cause, if there was no indirect purchaser prohibition in RICO, you would concede, would you not, that there is enough for proximate cause"?  Tr. at 50.  Defense counsel did not so concede, but Your Honor further asked:  "[t]here is a strong argument in

favor of proximate cause"? And Defendants' counsel responded "[c]ertainly a strong argument that if the only test here were proximate cause, under the general rubric of proximate cause, you could satisfy that here." *Id.*

In light of that statement, Plaintiffs believe that Defendants effectively conceded proximate cause, and thus Plaintiffs satisfy every element of RICO statutory standing under controlling Second Circuit authority.

                                                Respectfully submitted,

                                                Jonathan D. Selbin

cc:      All Counsel via ECF