UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION*<br><br>**THIS DOCUMENT APPLIES TO:**<br><br>*Newton's Pharmacy, Inc. v. Proctor & Gamble Company, et al.*<br>**CASE NO. 1:23-CV-09307-BMC** | MDL No. 3089<br>Case No. 1:23-md-03089-BMC |

**PLAINTIFF NEWTON'S PHARMACY, INC.'S MOTION FOR PARTIAL RELIEF FROM THIS COURT'S NOVEMBER 12, 2024 ORDER ENTERING JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B) AND FOR REMAND OF ITS LANHAM ACT CLAIM TO THE SOUTHERN DISTRICT OF OHIO**

COMES NOW, plaintiff Newton's Pharmacy, Inc., ("NPI") by and through its undersigned counsel and files this Motion pursuant to Federal Rule of Civil Procedure 60(b), for Partial Relief from the Order Entering Judgment (Dkt. 252) ("Final Judgment") entered by this Court on November 12, 2024, and for Remand of its individual lawsuit to the Federal District Court for the Southern District of Ohio.  Fed. R. Civ. Pro. 60(b) allows for a party to seek relief from a final order for a reason of "mistake, inadvertence, surprise, or excusable neglect," or because applying the judgment prospectively "is no longer equitable; or ... any other reason that justifies relief."

NPI filed its original complaint against these Defendants in the Federal District Court for the Southern District of Ohio on September 28, 2023, asserting a number of state law claims which overlapped with those advanced by the individual consumer plaintiffs in this MDL (said common claims being the basis for the original consolidation of NPI's Complaint into this MDL for initial consolidated proceedings), along with a count for under the federal Lanham Act, 15 U.S.C. §

1

1125(A), based on NPI's distinct status and distinct claims as a pharmacy plaintiff. After transfer and centralization before this Court, Interim Class Counsel for plaintiffs filed a "Streamlined Complaint" alleging representative examples of the conduct and claims allegedly at issue in the MDL related in the marketing and labeling of oral phenylephrine products. The Court granted Defendants' motion to dismiss the Streamlined Complaint on October 29, 2024 (Dkt. 249), and on November 12, 2024, entered Final Judgment in favor of Defendants on all state statutory, common law, and RICO claims by individual consumer plaintiffs which the Court found to be preempted by the Federal Food, Drug, and Cosmetic Act (the "FDCA") (Dkt. 252). The Final Judgment also dismissed with prejudice "[a]ll claims in the complaints transferred into the above-captioned master docket," which includes NPI's Lanham Act claim from its original complaint. *Id*.

While NPI does not challenge that portion of the Final Judgment which dismissed with prejudice its claims arising under state law, the Court should not have dismissed with prejudice NPI's federal Lanham Act claim because this claim was not included in the Streamlined Complaint, was not subject of the motion to dismiss, and is not preempted by the FDCA under United States Supreme Court precedent. As the Court's dismissal of NPI's Lanham Act claim appears to have resulted from mistake and/or inadvertence under these circumstances, Plaintiff NPI is entitled to partial relief from the Court's Final Judgment under Fed. R. Civ. P. 60(b). Additionally, with the issuance of Final Judgment, pretrial proceedings in this transferee court are effectively concluded, and thus it is appropriate to remand this action back to the Federal District Court for the Southern District of Ohio where it was originally filed, so that the district court there can adjudicate the remaining federal Lanham Act claim.

For the foregoing reasons, and for the reasons stated in NPI's Memorandum in Support of its Motion filed contemporaneously herewith, Plaintiff NPI respectfully requests that: (1) the Court

2

enter an order pursuant to Fed. R. Civ. P. 61(b), clarifying that NPI's federal Lanham Act claim has not been dismissed by the Court's Order and Memorandum and Final Judgment, and therefore remains unadjudicated and pending; and (2) order that NPI's remaining cause of action under the Lanham Act be remanded to the Federal District Court for the Southern District of Ohio for further proceedings on its remaining claim.

DATE: November 15, 2024

Respectfully submitted,

/s/ Alyson S. Beridon
Alyson S. Beridon, Trial Attorney (#87496)
**HERZFELD, SUETHOLZ, GASTEL, LENISKI & WALL, PLLC**
600 Vine St., Suite 2720
Cincinnati, OH 45202
Ph: (513) 381-2224
Fax: (615) 994-8625
alyson@hsglawgroup.com

James A. Streett* (ABA #2007092)
**STREETT LAW FIRM, P.A.**
107 West Main
Russellville, AR 72801
Ph: 479-968-2030
Fax: 479-968-6253
james@streettlaw.com

*Attorneys for Plaintiff Newton's Pharmacy, Inc.*

*Pro Hac Vice Admitted

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                             */s/ Alyson S. Beridon*
                                             Alyson S. Beridon