# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT APPLIES TO:<br><br>Newton's Pharmacy, Inc. v. Proctor & Gamble Company, et al.<br>CASE NO. 1:23-CV-09307-BMC | MDL No. 3089<br>Case No. 1:23-md-03089-BMC |

**PLAINTIFF NEWTON'S PHARMACY, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL RELIEF FROM THIS COURT'S NOVEMBER 12, 2024 ORDER ENTERING JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B) AND FOR REMAND OF ITS LANHAM ACT CLAIM TO THE SOUTHERN DISTRICT OF OHIO**

COMES NOW, plaintiff Newton's Pharmacy, Inc., ("NPI") by and through its undersigned counsel and files this Memorandum of Law in Support of its Motion for Partial Relief from the Order Entering Judgment (Dkt. 252) ("Final Judgment") entered by this Court on November 12, 2024, and for Remand of its individual lawsuit to the Federal District Court for the Southern District of Ohio. As grounds for its Motion, NPI states as follows:

1. NPI is an independent retail pharmacy doing business in Russellville, Arkansas.[1]

2. NPI filed its original Complaint against these Defendants on September 28, 2023 in the Federal District Court for the Southern District of Ohio.[2]

3. NPI's Complaint asserted common-law claims in Counts I, II, IV, and V, which overlapped with claims advanced by individual consumer plaintiffs in this MDL and provided the

---

[1] *See* Case No. 1:23-cv-00613-DRC, Dkt. 1 at ¶4, filed on September 28, 2023) (attached hereto as **Exhibit A**)

[2] *See id.*

1

basis for the transfer of NPI's Complaint to this Court for initial consolidated proceedings pursuant to 28 U.S.C. § 1407.[3]  However, NPI also asserted a claim against these Defendants in Count III under the federal Lanham Act, 15 U.S.C. § 1125(A), based on NPI's distinct status and distinct claims as a pharmacy plaintiff.

4. On May 3, 2024, Interim Class Counsel filed "an Initial Streamlined Consolidated Complaint" (Dkt. 200) ("Streamlined Complaint") under New York law alleging representative examples of the conduct and claims allegedly at issue in the MDL related in the marketing and labeling of oral phenylephrine products.  *See* Dkt. 252 at 1.  The causes of action asserted in the Streamlined Complaint included Violation of the New York Deceptive Acts and Practices Act (Count 1); Violation of the New York False Advertising Act (Count 2); Breach of Express Warranty (Count 3); Breach of Implied Warranty of Merchantability (Count 4); Unjust Enrichment (Count 5); Fraudulent Concealment (Count 6); and Violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)-(d) (Count 7).  The Streamlined Complaint did not include a count under the federal Lanham Act.

5. The parties agreed and the Court ordered "that to the extent the Court grants or denies Defendants' motion to dismiss based on preemption and/or primary jurisdiction and/or any initial RICO argument(s) raised, the order will apply to all cases in this multidistrict litigation or otherwise subject to transfer into this multidistrict litigation." *See* Dkt. 204 at 2.  Additionally, Interim Class Counsel agreed that should the Court grant Defendant's motion, it would "resolve this litigation in its entirety, regardless of additional specific examples of wrongful conduct, additional products named, additional Plaintiff-related allegations, or additional state-law claims that are pled or could be pled in a future Full Master Consolidated Complaint." *Id*. at 3.

---

[3] *See* Case: 1:23-cv-00613-DRC, Dkt. 11 (attached hereto as **Exhibit B**)

6.      On October 29, 2024, following full briefing and oral argument on Defendant's motion to dismiss, the Court issued a Memorandum Decision and Order granting the motion and dismissing all counts under the Streamlined Complaint. Dkt. 249.  Subsequently, on November 12, 2024, the Court issued a final judgment order dismissing with prejudice "[a]ll claims in the complaints transferred into the above-captioned master docket." Dkt. 252 at 2.

7.      Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final ... order[ ] ... for the following reasons: ... mistake, inadvertence, surprise, or excusable neglect ... applying [the judgment] prospectively is no longer equitable; or ... any other reason that justifies relief." *Sound Around Inc. v. Shenzhen Keenray Innovations Ltd.*, No. 22-CV-6943 (HG), 2023 WL 5670679, at *2 (E.D.N.Y. July 28, 2023) (quoting Fed. R. Civ. P. 60(b)).  The purpose of Rule 60(b) is to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2017 WL 59085, at *2 (E.D.N.Y. Jan. 4, 2017) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

8.      As stated above, NPI's original Complaint brought one count under the federal Lanham Act which was not asserted by individual consumer plaintiffs. NPI's Lanham Act claim was not included as a count in the Streamlined Complaint, which was the subject of Defendants' motion to dismiss, and was not addressed by the Court's ruling granting the motion to dismiss.

9.      The Court's Final Judgment dismissed with prejudice all state statutory, common law, and RICO claims by individual consumer plaintiffs which the Court found to be preempted by the Federal Food, Drug, and Cosmetic Act (the "FDCA"). *See* Dkt. 249 at 14, 16-17; Dkt. 252 at 2.  However, neither the Defendants' motion to dismiss nor the Court's order on the same asserted that NPI's Lanham Act claim would be subject to preemption similar to the state law and

3

RICO claims. This was correct as the United States Supreme Court has ruled that the FDCA does not preclude a private party from bringing a Lanham Act claim challenging as misleading a food label that is regulated by the FDCA. *See POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 134 S. Ct. 2228, 189 L. Ed. 2d 141 (2014); *see also Church & Dwight Co. Inc. v. SPD Swiss Precision Diagnostics, GmbH*, 104 F. Supp. 3d 348, 355–62 (S.D.N.Y. 2015), aff'd, 836 F.3d 153 (2d Cir. 2016), and aff'd, 843 F.3d 48 (2d Cir. 2016).

10. Whether caused through mistake or inadvertence, it would be inequitable and contrary to the precepts of justice and due process for the Court to dismiss NPI's cause of action under the Lanham Act with prejudice, particularly since this claim was not challenged by the motion to dismiss and is not subject to the same preemption argument which the Court found compelled dismissal of all other state law and RICO claims asserted by plaintiffs in this MDL.

11. For the foregoing reasons, and pursuant to Fed. R. Civ. P. 61(b), Plaintiff NPI respectfully requests that the Court enter an order clarifying that NPI's federal Lanham Act claim has not been dismissed by the Court's Order and Memorandum and Final Judgment, and therefore remains unadjudicated and pending.

12. Additionally, NPI moves the Court to remand this action back to the Federal District Court for the Southern District of Ohio where it was originally filed, so that the district court there can adjudicate the remaining federal Lanham Act claim. With the issuance of Final Judgment, pretrial proceedings in this transferee court are effectively concluded, and thus remand is appropriate. *See In re McKinsey & Co., Inc. Nat'l Prescription Opiate Litig.*, No. 21-CV-04386-CRB, 2024 WL 2845529, at *1 (N.D. Cal. June 4, 2024) (citing 28 U.S.C. § 1407(a)) ("The MDL statute provides that the Panel " 'shall ... remand[ ]' " each action to the transferor district " 'at or before the conclusion' " of pretrial proceedings."). Even if the pre-trial proceedings here were not at an end,

NPI would still meet its burden to demonstrate remand is warranted because Final Judgment demonstrates that "the discrete function performed by the transferee court has been completed," and thus "the case will [not] benefit from further coordinated proceedings as part of the MDL." *In re Baycol Prods. Litig.*, 265 F.R.D. 453, 455 (D. Minn. 2008); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 1:00-1898, 2019 WL 117302, at *2 (S.D.N.Y. Jan. 7, 2019) ("The party seeking remand prior to the conclusion of pretrial proceedings bears the burden of establishing that remand is warranted.").

13. As the Court's Final Judgment has dismissed all individual consumer claims with prejudice, NPI's federal Lanham Act claim is the last remaining active claim against Defendants among the plaintiffs, and so the efficiencies gained by centralization before this Court no longer exist. The appropriate course of action is for the Court to remand NPI back to its jurisdiction of original filing in the Federal District Court for the Southern District of Ohio for further proceedings on its remaining claim.

DATE: November 15, 2024

Respectfully submitted,

*/s/ Alyson S. Beridon*
Alyson S. Beridon, Trial Attorney (#87496)
Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC
600 Vine St., Suite 2720
Cincinnati, OH 45202
Ph: (513) 381-2224
Fax: (615) 994-8625
alyson@hsglawgroup.com

James A. Streett* (ABA #2007092)
Streett Law Firm, P.A.
107 West Main
Russellville, AR 72801
Ph: 479-968-2030
Fax: 479-968-6253
james@streettlaw.com

*Attorneys for Plaintiff Newton's Pharmacy Inc.*
**Pro Hac Vice Admitted*

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Alyson S. Beridon*
Alyson S. Beridon