**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: Oral Phenylephrine Marketing and Sales Practices Litigation<br><br>This document relates to:<br><br>*Newton's Pharmacy, Inc. v. Procter & Gamble Company, et al.*,<br>No. 1:23-cv-09307-BMC | Case No. 1:23-md-03089-BMC<br><br>Hon. Brian M. Cogan |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF NEWTON'S PHARMACY, INC.'S MOTION FOR PARTIAL RELIEF
<u>FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

PROCEDURAL STANDARD ............................................................................................... 2

ARGUMENT .......................................................................................................................... 2

    A.    Newton's Pharmacy Tacitly Consented to the Judgment. ..................................... 3

    B.    Newton's Pharmacy Has Not Satisfied Rule 60(b)'s High Standard. ................... 6

    C.    There Is No Basis To Remand to the Southern District of Ohio. .......................... 9

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apotex Inc. v. Acorda Therapeutics, Inc.*,
    823 F.3d 51 (2d Cir. 2016)..................................................................................................8

*Baez v. City of New York*,
    2017 WL 4838562 (E.D.N.Y. Sept. 20, 2017) ....................................................................2

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
    2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010).......................................................................7

*Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*,
    843 F.3d 48 (2d Cir. 2016)..................................................................................................8

*In re: Columbia/HCA Healthcare Corp. Qui Tam Litigation (No. II)*,
    560 F.Supp.2d 1349 (JPML 2008)......................................................................................9

*Gater Assets Ltd. v. AO Moldovagaz*,
    2 F.4th 42 (2d Cir. 2021) .......................................................................................2, 6, 7, 8

*Gray v. GC Servs./Apple*,
    2022 WL 3646809 (N.D.N.Y. Aug. 24, 2022) ...................................................................6

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
    2021 WL 2983141 (S.D.N.Y. July 15, 2021) .....................................................................9

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)............................................................................................................7

*Mendell v. Gollust*,
    909 F.2d 724 (2d Cir. 1990)................................................................................................2

*In re Oral Phenylephrine Mktg. & Sales Pracs. Litig.*,
    709 F. Supp. 3d 1380 (JPML 2023)....................................................................................9

*POM Wonderful LLC v. Coca-Cola Co.*,
    573 U.S. 102 (2014)............................................................................................................8

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008).......................................................................................1, 2, 6

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)...............................................................................................2, 8

*In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*,
    2011 WL 1046162 (S.D.N.Y. Mar. 22, 2011) ..........................................................................9

*Williams v. New York City Dep't of Corr.*,
    219 F.R.D. 78 (S.D.N.Y. 2003) ...............................................................................................6

*In re Zyprexa Prod. Liab. Litig.*,
    2008 WL 2511791 (E.D.N.Y. June 19, 2008) .......................................................................10

**Other Authorities**

Fed. R. Civ. P. 60(b) ............................................................................................... *passim*

## INTRODUCTION

More than seven months ago, this Court ordered Interim Class Counsel to "file an Initial Streamlined Consolidated Complaint . . . alleging representative examples of the conduct **and claims** they allege to be at issue in this Multidistrict Litigation relating, among other things, to the marketing and labeling of oral phenylephrine products." ECF No. 197 ¶ 1 (emphasis added); *accord* ECF No. 204. As the parties and this Court recognized, the purpose of this process was to allow Defendants to raise threshold arguments for dismissal that would "if such arguments prevail[ed], resolve this litigation in the entirety." ECF No. 197 ¶ 5; ECF No. 204 ¶ 8. Following this Court's order and the parties' agreement, Interim Class Counsel filed an Initial Streamlined Complaint that included claims under New York state law and a federal-law claim under RICO. The parties briefed a motion to dismiss, and this Court considered, held argument on, and granted that motion. The parties agreed the motion resolved the litigation in its entirety, and this Court entered judgment "dismissing all claims in any complaint in this multidistrict litigation." ECF No. 252 at 2.

Newton's Pharmacy sat on the sidelines through this entire process, apparently hoping to take advantage of a motion-to-dismiss ruling in Plaintiffs' favor. It made no public efforts to seek to have its counsel included among the 23 lawyers appointed interim class counsel. When the Initial Streamlined Complaint did not include its Lanham Act claim, Newton's Pharmacy never objected to the exclusion of its claim from that streamlined complaint. And Newton's Pharmacy said nothing after this Court granted Defendants' motion to dismiss and the parties jointly asked this Court to enter judgment on all claims, including Newton Pharmacy's claims.

Newton's Pharmacy now seeks the "extraordinary" remedy of relief from judgment under Federal Rule of Civil Procedure 60(b), *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), seeking to have judgment on its Lanham Act claim set aside and its case transferred to the

1

Southern District of Ohio. Newton's Pharmacy falls far short of satisfying that rule's high standard for modifying a judgment, and there is nothing for this Court to transfer. This Court should deny the motion.

## PROCEDURAL STANDARD

Rule 60(b) provides that this Court may relieve a party from a final judgment for certain enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," or "any other reason that justifies relief." "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990); *see also Ruotolo*, 514 F.3d at 191 (describing Rule 60(b) as "a mechanism for extraordinary judicial relief" appropriate only in "exceptional circumstances" (cleaned up)).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Baez v. City of New York*, 2017 WL 4838562, at *2 (E.D.N.Y. Sept. 20, 2017) (Cogan, J.) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A party moving for relief under Rule 60(b) generally must present highly convincing evidence in support of vacatur and show good cause for the failure to act sooner and that no undue hardship be imposed on other parties." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (cleaned up).

## ARGUMENT

Newton's Pharmacy has not established any basis for the "extraordinary judicial relief" of setting aside the judgment entered against it. Newton's Pharmacy stood by while this Court appointed Interim Class Counsel and that counsel chose what claims to advance in this multidistrict

2

litigation. That Newton's Pharmacy initially pleaded a Lanham Act claim—a meritless claim that Interim Class Counsel chose not to advance in the Initial Streamlined Complaint—does not establish the "mistake, inadvertence, surprise, or excusable neglect" that Rule 60(b) requires.

A.  **Newton's Pharmacy Tacitly Consented to the Judgment.**

Before the Judicial Panel on Multidistrict Litigation, Newton's Pharmacy supported centralization of its case into a multidistrict litigation with all others as "useful, necessary, and supported by numerous [common] questions of fact and law." Interested Party Response of Plaintiffs Tiffany Travis and Newton's Pharmacy, ECF No. 219 at 1, *In re Oral Phenylephrine Mktg. & Sales Pracs. Litig.*, MDL No. 3089 (JPML Oct. 25, 2023). Newton's Pharmacy never contended that it or its claims should be treated differently from other plaintiffs or their claims. *Id.*

Following the Panel's creation of this multidistrict litigation, this Court entered a proposed case management order directing each side to confer and attempt to seek consensus on whether lead counsel should be appointed. ECF No. 5 at 5. A group of 23 plaintiffs' lawyers moved for appointment as both lead counsel and interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). *See* ECF Nos. 115, 135 (requesting appointment "on behalf of all Plaintiffs' counsel"). Unlike other plaintiffs' lawyers who sought appointment as additional lead counsel or opposed the motion, *see* ECF Nos. 143, 158, Newton's Pharmacy did not take a position on the motion, nor did it take any steps to reserve its rights. This Court then granted the motion and appointed interim class counsel. *See* Apr. 2, 2024 Hr'g Tr. at 7:6-7; Apr. 3, 2024 Minute Entry and Order for Initial Status Conference.

Consistent with the Manual for Complex Litigation, Interim Class Counsel and counsel for Defendants agreed to, and this Court approved, a process to tee up Defendants' threshold defenses, such as preemption. *See* 21.11. Initial Case-Management Orders, Manual Complex Lit. § 21.11 (4th ed.) (advising that judge should determine at an early stage whether to hear threshold

3

dispositive motions).  Under this process, this Court ordered Interim Class Counsel to file an initial streamlined complaint "alleging representative examples of the conduct and claims they allege to be at issue in this Multidistrict Litigation," ECF No. 197 at ¶ 1, and Defendants would move to dismiss based on preemption, *id.* ¶ 2.  To address concerns about piecemeal litigation that Defendants raised at the April 2, 2024 status conference, this Court required Interim Class Counsel to "commit" to the initial streamlined complaint process and cautioned that if this Court dismissed based on threshold defenses such as preemption, plaintiffs would not be permitted to pivot to other claims.  *See* Apr. 2, 2024 Hr'g Tr. at 11:21-12:2, 12:8-17.

       This Court's April 17, 2024 order governing the initial streamlined complaint and motion to dismiss—which specified that it related to "[a]ll actions"—memorialized this directive.  Plaintiffs "commit[ted] to filing sufficient representative examples of the conduct and claims that they allege to be wrongful that a motion to dismiss based on preemption and/or primary jurisdiction will, if such arguments prevail, resolve this litigation in its entirety, regardless of additional specific examples of wrongful conduct, additional products named, additional Plaintiff-related allegations, or additional state-law claims that are pled or could be pled in a future Full Master Consolidated Complaint."  ECF No. 197 ¶ 5.  Further, the parties "agree[d] that to the extent the Court grants or denies Defendants' motion to dismiss based on preemption and/or primary jurisdiction, the order will apply to all cases in this Multidistrict Litigation or otherwise subject to transfer into this Multidistrict Litigation."  *Id.* ¶ 4.  Newton's Pharmacy did not object to the order, nor did it take any other steps to reserve its rights.

       On May 3, 2024, Interim Class Counsel filed the Initial Streamlined Complaint.  Perhaps recognizing the strength of Defendants' preemption defense, Interim Class Counsel added a claim under federal law for violation of RICO—even though none of the complaints consolidated into

4

this multidistrict litigation included a RICO claim. *See* ECF No. 200. The Initial Streamlined Complaint did not include a Lanham Act claim. Yet again, Newton's Pharmacy did not object to the exclusion of its Lanham Act claim from the Initial Streamlined Complaint, nor did it take any other steps to reserve its rights.

To account for the new RICO claim, the parties proposed amendments to the order governing the initial motion to dismiss, which this Court adopted on May 16, 2024. The amended order continued to specify that Plaintiffs' complaint would include representative samples of claims such that defendants' threshold defenses, if successful, would "resolve this litigation in its entirety," and that this Court's ruling on the motion to dismiss "will apply to all cases in this Multidistrict Litigation." ECF No. 204 ¶¶ 7-8. Yet again, Newton's Pharmacy did not object to the order, nor did it take any other steps to reserve its rights.

This process led to the efficient resolution of this litigation. Defendants filed their motion to dismiss, which sought dismissal of the state-law claims on federal preemption grounds and dismissal of the RICO claim as barred by the indirect purchaser rule and federal preclusion principles. ECF Nos. 212, 213. The parties argued the motion to dismiss on September 24, 2024. On October 29, 2024, this Court issued a carefully reasoned order granting Defendants' motion to dismiss. ECF No. 249. On November 6, 2024, with the consent of Interim Class Counsel, Defendants filed a proposed judgment dismissing with prejudice "[a]ll claims in the complaints transferred into the above-captioned master docket." ECF Nos. 250, 250-1. Newton's Pharmacy still remained silent. On November 12, 2024, this Court entered judgment. ECF No. 252.

This Court held multiple hearings on this case, including on April 2, 2024; June 11, 2024; August 20, 2024; and September 24, 2024. At no point did Newton's Pharmacy express a desire to pursue a Lanham Act claim. It was not until November 15, 2024, after judgment had been

5

entered, that Newton's Pharmacy indicated for the first time since the creation of this multidistrict litigation that it believed its Lanham Act claim should be treated differently from every other claim asserted in this case. ECF Nos. 253, 253-1 ("Mot.").

### B. Newton's Pharmacy Has Not Satisfied Rule 60(b)'s High Standard.

Newton's Pharmacy's decision to be a bystander in this multidistrict litigation—whether intentional or the result of neglect—is not the sort of "exceptional circumstance" that warrants Rule 60(b)'s "extraordinary judicial relief." *Ruotolo*, 514 F.3d at 191. Nor was the entry of judgment the result of inadvertence or mistake. Because Newton's Pharmacy offers no other basis for its Rule 60(b) motion, the motion should be denied.

*First*, the Second Circuit has held that to obtain relief under Rule 60(b), a party "generally must . . . show good cause for the failure to act sooner." *Gater Assets Ltd.*, 2 F.4th at 53. Newton's Pharmacy offers no explanation whatsoever for why it failed to act sooner to protect its interests, which alone is grounds to deny its motion. It does not claim to have been confused or surprised by this Court's management of the case, including the appointment of Interim Class Counsel or the streamlined complaint process. *See* Mot. It does not claim it was unaware of the stipulations and orders that affected its rights, *id.*; indeed, its counsel received service of every such document, *see, e.g.*, ECF No. 204 (service list including Newton's Pharmacy's counsel). And it gives no reason why it never objected to the parties' and Court's repeated statements that the initial streamlined complaint process could result in the dismissal of all cases and all claims. *See, e.g.*, *Gray v. GC Servs./Apple*, 2022 WL 3646809, at *4 (N.D.N.Y. Aug. 24, 2022) (plaintiff did not show good cause where she did not explain why she did not comply with deadline to file amended complaint); *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78 (S.D.N.Y. 2003) (plaintiff did not show good cause where she "did not provide an excuse for her failure to comply" with discovery deadlines). Because Newton's Pharmacy has not established good cause for failing to

6

act, its motion fails. *See Gater Assets Ltd.*, 2 F.4th at 53.

*Second*, Newton's Pharmacy argues that this Court's entry of judgment as to all claims and all cases was somehow the result of mistake or inadvertence on this Court's part. Mot. at 4. Not so. This Court possesses broad discretion to manage its docket, which includes the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In approving the initial streamlined complaint process proposed by Interim Class Counsel, this Court made clear—both at the April 2, 2024 status conference and in multiple subsequent orders—that the Initial Streamlined Complaint and its ruling on Defendants' threshold defenses would govern all cases. This Court specifically warned plaintiffs that if it found preemption, plaintiffs "can't say, okay, the judge has granted the motion to dismiss now we'll file an amended complaint that we think can get around preemption. Because that defeats the purpose [of an initial streamlined complaint]." Apr. 2, 2024 Hr'g Tr. at 12:9-14. Interim Class Counsel complied with this Court's orders and presumably brought the claims they thought held the most promise. *See In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ("a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class"); Manual Complex Lit. § 21.11 ("designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions"). Consistent with its orders, this Court then ruled on the motion to dismiss and entered judgment for all cases as a result. Far from mistake or inadvertence, the entry of judgment was precisely the result contemplated by this Court and the parties. It provides no basis for relief under Rule 60(b).

*Third*, Newton's Pharmacy has not identified a controlling decision or "highly convincing evidence" that would warrant a change to this Court's rulings. *See Gater Assets*, 2 F.4th at 53; *Shrader*, 70 F.3d at 257. It argues that its Lanham Act claim would not be preempted, relying on *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014). Mot. at 4.

But if the Initial Streamlined Complaint included a Lanham Act claim, that claim would be precluded for the same reasons the RICO claim would be precluded. *See* ECF Nos. 213 at 23-25 and 232 at 9-10 (advancing preclusion argument). *POM Wonderful* and subsequent Second Circuit authority confirm that conclusion. *POM Wonderful* explains that the FDCA precludes a claim under other federal statutes when the FDA has "made a policy judgment that is inconsistent with" the factual premise underlying the federal claim. 573 U.S. at 120. Although *POM Wonderful* allowed a Lanham Act claim regarding food labeling to proceed, the Supreme Court distinguished the case before it from "drug labels" that are "preapprove[d] . . . under [FDA regulations]" and indicated claims challenging the latter would be precluded as "a case where a lawsuit is undermining an agency judgment." *Id.* at 116. The Second Circuit has since held that a Lanham Act claim challenging "representations commensurate with information in an FDA label"—just like the Lanham Act claim Newton's Pharmacy seeks to resurrect—was barred under preclusion principles. *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 63-64 (2d Cir. 2016); *see also Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, 843 F.3d 48 (2d Cir. 2016) (preclusion applies when Lanham Act claims challenge FDA's "determination of truthfulness" when FDA "had expertise in the matter and had devoted exhaustive process to the inquiry").

Because Newton's Pharmacy has not satisfied Rule 60(b)'s high standard, its motion should be denied.

8

### C. There Is No Basis To Remand to the Southern District of Ohio.

Finally, Newton's Pharmacy asks this Court to remand its case to the Southern District of Ohio for further proceedings on its Lanham Act claim. Mot. at 4. This Court need not reach this argument. For the reasons explained above, judgment was properly entered against Newton's Pharmacy, so there is no case left to remand.

Even if this Court were to set aside the judgment, there is no basis to remand this case. Whether remand is appropriate "in any particular multidistrict docket is based upon the totality of circumstances involved in that docket." *In re: Columbia/HCA Healthcare Corp. Qui Tam Litigation (No. II)*, 560 F.Supp.2d 1349, 1349 (JPML 2008). This Court's "discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2021 WL 2983141, at *2 (S.D.N.Y. July 15, 2021) (cleaned up).

This multidistrict litigation was created because the actions "present common factual questions arising from the allegation that defendants' oral phenylephrine products do not work as advertised to relieve nasal congestion," and Newton's Pharmacy does not dispute that this case presents this issue. *In re Oral Phenylephrine Mktg. & Sales Pracs. Litig.*, 709 F. Supp. 3d 1380, 1383 (JPML 2023). Indeed, it advocated for creation of this multidistrict litigation based on "numerous" common "questions of fact and law." Interested Party Response of Plaintiffs Tiffany Travis and Newton's Pharmacy, ECF No. 219 at 1, *In re Oral Phenylephrine Mktg. & Sales Pracs. Litig.*, MDL No. 3089 (JPML Oct. 25, 2023). This Court is already familiar with the preclusion defense that Defendants would raise in response to any Lanham Act claim, and the most efficient route for the judiciary and for the parties is for this Court to consider that defense. *See In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011) ("Because the purpose of multidistrict litigation is for the convenience of the parties and

9

witnesses and to promote the just and efficient conduct of the cases, the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary."); *In re Zyprexa Prod. Liab. Litig.*, 2008 WL 2511791, at *2 (E.D.N.Y. June 19, 2008) (denying motion for suggestion of remand to transferor courts based on familiarity of existing special master with the case and desire to avoid inconsistent rulings and burdening transferor courts).

## CONCLUSION

This Court should deny the motion.

November 27, 2024

Respectfully Submitted,

/s/ *Andrew Soukup*
Andrew Soukup (*pro hac vice*)
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
asoukup@cov.com
lflahivewu@cov.com

Cortlin H. Lannin (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
clannin@cov.com

*Attorneys for Defendant The Procter & Gamble Company*

/s/ *Jay Lefkowitz*
Jay P. Lefkowitz. P.C.
Jacob M. Rae
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
lefkowitz@kirkland.com
jacob.rae@kirkland.com

Robyn E. Bladow (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 S. Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

*Attorneys for Defendant Haleon US Holdings LLC*

/s/ *Hannah Y. Chanoine*
Hannah Y. Chanoine
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
hchanoine@omm.com

Amy J. Laurendeau (*pro hac vice*)
Emilie W. Hamilton
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
alaurendeau@omm.com
ehamilton@omm.com

*Attorneys for Defendant Johnson & Johnson Consumer Inc.*

/s/ *James L. Bernard*
James L. Bernard
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3121
James.bernard@hoganlovells.com

Lauren S. Colton (*pro hac vice*)
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2733
Lauren.colton@hoganlovells.com

*Attorneys for Defendant RB Health (US) LLC*

12