UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION*<br><br>**THIS DOCUMENT APPLIES TO:**<br><br>*Newton's Pharmacy, Inc. v. Proctor & Gamble Company, et al.*<br><br>**CASE NO. 1:23-CV-09307-BMC** | MDL No. 3089<br>Case No. 1:23-md-03089-BMC |

**PLAINTIFF NEWTON'S PHARMACY, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL RELIEF FROM THIS COURT'S NOVEMBER 12, 2024 ORDER ENTERING JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B) AND FOR REMAND OF ITS LANHAM ACT CLAIM TO THE SOUTHERN DISTRICT OF OHIO**

Plaintiff Newton's Pharmacy, Inc., ("NPI"), by and through its undersigned counsel, files this Reply in Further Support of its Motion for Partial Relief from the Order Entering Judgment (Dkt. 253) ("Final Judgment") entered by this Court on November 12, 2024, and for Remand of its individual lawsuit to the Federal District Court for the Southern District of Ohio.

Defendants' oppose NPI's motion based largely on a distortion of the underlying record, which is clear that: (1) Defendants were on notice of NPI' s federal Lanham Act claim; (2) the Court with the agreement of all parties directed Interim Class Counsel for the MDL plaintiffs to exclude all but New York state claims and federal RICO claims from the "bellwether" complaint; and (3) NPI's Lanham Act claim was never subject to any argument on the motion to dismiss, and was not addressed in the Court's order dismissing the claims in the streamlined complaint due to preemption. Under these circumstances, NPI should, respectfully, be afforded the relief it seeks

under Federal Rule of Civil Procedure 60(b) from the Court's final order dismissing all claims in this MDL in their totality.

NPI's federal Lanham Act claim was the only such claim in the MDL, and was not common with any other plaintiffs. Like the other plaintiffs who initially filed claims against Defendants regarding their sale and marketing of allegedly ineffective oral phenylephrine ("Oral PE") products in other jurisdictions throughout the United States, NPI asserted causes of action which aligned with its particular circumstances. These counts included common law claims under the laws of its home jurisdiction of Arkansas (many of which overlapped with other individual consumer plaintiffs' own common law claims), as well as a count under the federal Lanham Act, 15 U.S.C. § 1125(A).[1] NPI's Lanham Act claim is unique to pharmacy plaintiffs, which seek as damages the costs associated with remediating the effect of Defendants' false advertising, *e.g.* removing or disposing of their Oral PE inventory or otherwise spending pharmacy resources to correct Defendants' misleading representations to their customers.[2]

Leading up to the initial status conference in this matter, Defendants and Court-appointed Interim Class Counsel agreed to front-load for resolution by the Court Defendants' argument that certain claims should be dismissed based on federal preemption or primary jurisdiction grounds.[3] To this end, Defendants and Interim Class Counsel submitted a joint proposed order stipulating that Interim Class Counsel would file an "Initial Streamlined Consolidated Complaint **under New York law** alleging representative examples of the conduct and claims they allege to be at issue in this Multidistrict Litigation."[4] Later, the parties agreed that in addition to New York state law

---

[1] See Dkt. 253-1 (NPI Memo. ISO Motion Under Fed. R. Civ. P. 60(b)), <u>Exhibit A</u> at ¶¶74-86.
[2] *See* id.
[3] See Dkt. 196-1 at ¶¶1-2 (stating that Defendants "will file a single joint motion to dismiss raising arguments solely on preemption and/or primary jurisdiction.").
[4] See Dkt. 196-1 at ¶1.

2

claims, the streamlined complaint could also include a federal RICO claim, which Defendants could seek to dismiss as well.[5] Notably, the Court's order contemplated that once it resolved the Defendants' motion to dismiss, Interim Class Counsel would file a Full Master Consolidated Complaint, which would provide Defendants the opportunity raise a dismissal challenge based on "any issues other than preemption and/or primary jurisdiction and/or initial RICO arguments."[6] The Court adopted the parties' agreed orders without modification.[7] Neither Defendants' motion to dismiss briefing or the Court's order granting the same addressed NPI's Lanham Act claim.

Defendants accuse NPI of "tacitly consent[ing] to the judgment" because it "stood by" while the Court appointed Interim Class Counsel, and "never objected to the exclusion" of its Lanham Act claim from the Initial Streamlined Complaint, but this is nonsensical.[8] Both the Court's Order and Amended Order contemplate that plaintiffs would file both an "Initial Streamlined Complaint" and a "Full Master Consolidated Complaint" after the Court ruled on the Defendants' motion to dismiss the Initial Streamlined Complaint.[9] Both parties agreed as part of

---

[5] See Dkt. 203-1 at ¶¶3-4.

[6] Dkt. 204 at ¶6.

[7] See Dkt. 197 (Order Governing Plaintiffs' Initial Streamlined Consolidated Complaint and Defendants' Motion to Dismiss in Response) ("Order") at ¶1-2; Dkt. 204 (Amended Order Governing Initial Streamlined Consolidated Class Action Complaint and Defendants' Motion to Dismiss in Response) ("Amended Order") at ¶¶3-4.

[8] Defendants launch an ad hominem attack against NPI for "not tak[ing] a position on the motion" by the lawyers who the Court ultimately appointed Interim Class Counsel, and for "not tak[ing] any steps to reserve its rights." Dkt. 255 at pp. 1,3. It is unclear why NPI's position on the merits of an interim leadership application is pertinent to the relief it is seeking in its current motion. As the Court was told at the April 2, 2024 status conference, the purpose of the appointment was to "create[] a greater sense of efficiency and streamlin[e] the process" without any prejudice to the parties or the process of resolving substantive motions, *i.e.,* class certification. See April 2 Hrg. Tr. at pp. 6-7. (attached hereto as **Exhibit 1**). The Court's order appointing Interim Class Counsel did not deprive NPI of any of its rights as a litigant in this MDL, nor did it dispose of NPI's ability to continue asserting its claims against Defendants.

[9] See Order at ¶1-3; Amended Order at ¶¶1-6.

the Orders that only the New York state law claims and the federal RICO claims would be included in the Initial Streamlined Complaint and be subject to the motion to dismiss,[10] consistent with Defendants' argument to the Court that preemption "should be the absolute first issue that the Court considers," because it "appeal[s] to getting the threshold of cross-cutting issues resolved early."[11] One would not have expected the streamline complaint to include the Lanham Act claim, both because this claim does not cut across any other plaintiffs' claims, and because as stated in NPI's motion, both the U.S. Supreme Court and Second Circuit Court of Appeals have ruled that Lanham Act claims such as that brought by NPI are not subject to challenge based on preclusion.[12] Because the parties agreed that NPI's federal Lanham Act claim would not be included among the claims which would be challenged by Defendants' motion to dismiss, and because neither the briefing on

---

[10] *Id*.

[11] April 2 Hrg. Tr. at p 12.

[12] Defendants' opposition brief argues in summary fashion that NPI's Lanham Act claim would be precluded for the same reasons the RICO claim is precluded. However, it is undisputed that Defendants did not raise either preemption or preclusion arguments specific to NPI's Lanham Act claim in its motion to dismiss briefing, and therefore the Court has not been asked to consider any arguments on this point or issue a ruling on the same. Furthermore, as cited in NPI's motion, the Second Circuit's opinion in *Church & Dwight., Inc. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 63-64 (2d Cir. 2016) determined that compliance with FDA regulation "does not create a ceiling that bars still better protections against the capacity of the representations to mislead," and thus compliance with the FDCA does not preclude liability under the Lanham Act. *See also POM Wonderful LLC v. Coca–Cola Co*., 573 U.S. 102, 134 S.Ct. 2228, 2232; 2238, 189 L.Ed.2d 141 (2014) (holding that the FDCA and the Lanham Act "complement each other with respect to labeling," and while "[e]nforcement of the FDCA and the detailed prescription of its implementing regulations is largely committed to the FDA, [the FDA] does not have the same perspective or expertise in assessing market dynamics that day-to-day competitors possess."). The Second Circuit in *Church & Dwight Co.* distinguished the holding in *Apotex Inc. v. Acorda Therapeutics, Inc*., 823 F. 3d. 51 (2d Cir. 2016), which it found "does not purport to exclude all claims of falsity in an FDA-approved message," and found that, consistent with what NPI alleges in its complaint, "Lanham Act liability might arise if an advertisement us[ing] information contained in an FDA-approved label... [is] literally or implicitly false." *Id.* at 64 n.10.

4

the motion to dismiss or the Court's order of dismissal address the Lanham Act claim, NPI had no cause to believe that this claim was subject to possible dismissal.

While Defendants accuse NPI of creating the circumstances which justify its request for relief, the Court should hold the Defendants to account for the consequences of their own decisions. Defendants were well-aware of NPI's pending federal Lanham Act cause of action when they agreed to exclude this claim as one subject to challenge in the Initial Streamlined Complaint.[13] Defendants also had every opportunity to insist that the Court examine the sufficiency of the federal Lanham Act claim as part of the motion to dismiss, but they declined to do so. Having knowingly cabined the scope of the claims which were subject to challenge on the motion to dismiss, Defendants cannot now argue in good faith that the Court should nevertheless consider NPI's federal Lanham Act claim dismissed and subject to final judgment. Because Defendants agreed to the submission of a "streamlined" complaint limited to claims arising solely under New York state law and federal RICO law, knowing that NPI's federal Lanham Act claim (of which they indisputably had notice) would not be subject to either their motion to dismiss on preemption grounds or the Court's order resolving the same, it cannot argue that granting NPI relief under Fed. R. Civ. P. 60(b) would impose any undue hardship.

## **CONCLUSION**

Nothing in Defendants' opposition brief alters the fact that Defendants never sought to include NPI's Lanham Act claim in the streamlined complaint, never moved to dismiss NPI's Lanham Act claim, and the Court was not asked to nor did it address NPI's Lanham Act claim in

---

[13] NPI filed its Complaint in the Southern District of Ohio on September 28, 2023, and Defendants specifically tagged NPI's action as one that should be transferred and centralized as part of the MDL. *See* Dkt. 346.

dismissing the individual consumer plaintiffs' state law and RICO claims due to preemption. Under these circumstances, there is ample grounds to establish that "mistake, inadvertence, surprise, or excusable neglect" or any other fair and equitable ground exist to grant NPI's motion under Fed. R. Civ. P. 60(b) for relief from the Court's Final Judgment. The appropriate course would then be for the Court to remand NPI's action to the Federal District Court for the Southern District of Ohio, as all individual consumer claims have been dismissed with prejudice, there are no other cases requiring centralization and coordination pending before this Court, the principal benefit of coordination justifying centralization in the first place, resolving all overlapping issues of law and fact, has been achieved, and everything that remains to be done is specific to NPI's case.[14]

DATE: December 4, 2024                    Respectfully submitted,

                                          /s/ Alyson S. Beridon
                                          Alyson S. Beridon, Trial Attorney (#87496)
                                          Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC
                                          600 Vine St., Suite 2720
                                          Cincinnati, OH 45202
                                          Ph: (513) 381-2224
                                          Fax: (615) 994-8625
                                          alyson@hsglawgroup.com

                                          James A. Streett* (ABA #2007092)
                                          Streett Law Firm, P.A.
                                          107 West Main
                                          Russellville, AR 72801
                                          Ph: 479-968-2030
                                          Fax: 479-968-6253
                                          james@streettlaw.com

                                          *Attorneys for Plaintiff Newton's Pharmacy Inc.*

                                          *Pro Hac Vice Admitted

---

[14] The Court has discretion to remand this case where it is determined that it will not "benefit from further coordinated proceedings as part of the MDL," and where "everything that remains to be done is case-specific." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2024 WL 3161774, at *3 (E.D.N.Y. June 25, 2024) (internal citations omitted).

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Alyson S. Beridon*
Alyson S. Beridon
