```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
                                                                  :
                                                                  :
IN RE: ORAL PHENYLEPHRINE MARKETING                               :
AND SALES PRACTICES LITIGATION                                    :
                                                                  :   23-md-3089-BMC
                                                                  :
                                                                  :
THIS DOCUMENT APPLIES TO:                                         :   MEMORANDUM DECISION AND
                                                                  :   ORDER
Newton's Pharmacy, Inc. v. Proctor & Gamble Co.,                  :
et al., 23-cv-9307                                                :
                                                                  :
                                                                  :
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Newton's Pharmacy, Inc., ("NPI") has moved for reconsideration of the Court's dismissal of its Lanham Act claim. Reasoning that the Court's order dismissing the initial streamlined complaint does not apply to federal false-advertising claims, NPI seeks a remand of its claim to the Southern District of Ohio.

NPI's motion, however, misses the mark. Of course its claim was not included in streamlined complaint – most claims in the consolidated action weren't. But, as stipulated by the Plaintiff's Executive Committee, the selected claims in the complaint turned on threshold issues common to the entire action, such that its dismissal would "resolve this litigation in its entirety, regardless of additional specific examples of wrongful conduct." Trademark infringement arising out of the same facts as alleged in the streamlined complaint is quintessentially an "additional specific example of wrongful conduct." And NPI does not contest the Committee's authority to propose such a disposition.

Nor could it. An April 2024 text order empowered the Committee to "enter into stipulations with Defendants' counsel[,] . . . [n]egotiat[e] settlement with Defendants' counsel,"

and "[p]erform such other duties as are necessary in connection with the prosecution of" the litigation. As a result, the order granted the Committee the ability to make stipulations relating to each claim in the consolidated action, including NPI's Lanham Act claim. The Committee therefore acted well within when its authority when it stipulated on behalf of all plaintiffs that any claim *not* included in the complaint, like NPI's Lanham Act claim, would nevertheless fall if the Court granted defendants' motion to dismiss.

NPI's reconsideration motion is, in effect, a far too belated challenge to this stipulation. But Rule 60(b) is not a vehicle for raising arguments or issues that could have been raised before judgment. See Levitant v. Workers Comp. Bd. of N.Y., No. 16-cv-6990, 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019). If NPI thought its federal claim should survive a dismissal of the streamlined complaint, it should have told the Committee, or even the Court, much earlier.[1] NPI's argument that its claim is immune from the Court's reasoning reveals only NPI's failure to communicate with the Committee.

It's not like the streamlined complaint was a product of some clandestine scheme; the complaint's purpose was repeatedly discussed at status conferences and on the public docket. For instance, in its Order Governing Plaintiffs' Initial Streamlined Consolidated Complaint and Defendants' Motion To Dismiss In Response, the Court explicitly provided that the complaint should include

---

[1] Even if the Lanham Act claim was included in the Streamlined Complaint, it likely would not have survived a motion to dismiss. The Supreme Court has made clear that a Lanham Act suit is precluded when it is "inconsistent" with an agency's "policy judgment." POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 120 (2014); see also Geier v. Am. Honda Motor Co., 529 U.S. 861 (2000). Like the plaintiff's suit in Geier, NPI's suit attacks an agency's policy determination – the FDA's determination that phenylephrine is an effective nasal decongestant. Although the Second Circuit has held that a Lanham Act false-advertising claim can challenge information on a drug's label that "renders [an] advertisement literally or implicitly false," even when the FDA has approved the label, see Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH, 843 F.3d 48, 73 n.13 (2d Cir. 2016) (quoting Apotex Inc. v. Acorda Therapeutics, Inc., 823 F.3d 51, 64 n.10 (2d Cir. 2016), Congress straightforwardly delegated the exclusive authority to determine whether a drug is effective to the FDA, and it was therefore not "false" to state that oral phenylephrine is an effective nasal decongestant.

> sufficient representative examples of the conduct and claims that [plaintiffs] allege to be wrongful that *a motion to dismiss based on preemption . . . will, if such arguments prevail, resolve this litigation in its entirety, regardless of additional specific examples of wrongful conduct*, additional products named, additional Plaintiff-related allegations, or additional state-law claims that are pled or could be pled in a future Full Master Consolidated Complaint.

(emphasis added).

There is no discernible reason why NPI did not raise this objection until after the Court entered the proposed judgment. It sat idly by while the parties moved for, and the Court ultimately appointed, lead counsel for the plaintiffs. It stayed silent as the parties discussed their plan for the streamlined complaint and as the Court entered a public order reflecting those discussions. Then, when the Committee opted not to include a Lanham Act claim in the streamlined complaint, it did not bring up the issue with the Court or with the Committee. And it remained silent still thorough the entire two-week period between the Court's dismissal of the complaint and the filing of the proposed judgment. Even the filing of the proposed judgment did not prompt NPI to object. It waited another week, four days after the Court entered the judgment, to finally speak up.

NPI had numerous opportunities to object, to seek a carve-out for its claim, or to at least attempt to reserve its rights to assert that claim. If it had, and its position had any merit, either the committee would have changed its tack, or the Court would have heard NPI's position prior to ruling on the motion. Because it did not, NPI has not shown that it is entitled to the extraordinary relief afforded by Rule 60(b). Accordingly, its motion is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
December 13, 2024

3